H. KELLER & COMPANY, Appellants, v. THE CARTER-
VILLE BUILDING & LOAN ASSOCIATION
*et al.*, Respondents.

### Kansas City Court of Appeals, May 31, 1897.

Mechanics' Liens: INTEREST OF STRANGER IN PREMISES: EVIDENCE. In
an action to enforce a mechanics' lien, where a stranger is made a
party under the allegation that he has some interest in the premises,
evidence must show what that interest is, when it arose, and its rela-
tion to the parties to the contract and the improvement. Otherwise
there can be no judgment against such stranger. ·

*Appeal from the Jasper Circuit Court.*—HON. W. M.
ROBINSON, Judge.

AFFIRMED.

*H. L. Shannon* for appellants.

(1) The Carterville Building and Loan Associa-
tion was properly made a party to this action. R. S.
1889, p. 1575, sec. 6713. Mortgagees and others hav-
ing an interest in the property are made parties for the
purpose of giving them an opportunity to show cause
why the lien should not be established. *Clay Works v.
Ellison*, 30 Mo. App. 67. A mortgagee is not bound if
not made a party. R. S. 1889, p. 1575, sec. 6713; *Coe
v. Ritter*, 86 Mo. 278.

*McReynolds & Halliburton* for respondents.

(1) Plaintiffs having a judgment in full force
against Billingslea, the owner of the property, in the
justice's court, and the justice's judgment against re-
spondent being without authority, plaintiffs could not
VOL. 71 app—30

have any judgment against respondent. (2) The respondent being a mortgagee, the circuit court had no authority in this case to go into the question of priorities between it and plaintiffs, and settle them. *Steininger v. Raceman*, 28 Mo. App. 594; *Coe v. Ritter*, 86 Mo. 277; *Rude v. Mitchell*, 97 Mo. 365; *Foster v. Wulfing*, 20 Mo. App. 85; *Lowis v. Cutter*, 6 Mo. App. 54.

SMITH, P. J.—This is an action which was brought before a justice of the peace to enforce a mechanics' lien. The suit was brought against B. F. Billingslea, the lotowner with whom was joined the above named defendant, on the ground

STATEMENT.

that it claimed some interest in the property which it was sought to subject to the lien. It appears there was a judgment in the justice court for the enforcement of the lien. The lotowner, Billingslea, did not appeal, but the above named defendant did. The defendant had judgment in the circuit court and the plaintiffs appealed. At the conclusion of the plaintiffs' evidence, the circuit court, at the instance of the defendant, instructed the jury to return a verdict for the defendant, and this action of the court is assigned for error.

The judgment of the lower court must stand. The record nowhere discloses what interest the defendant claimed in the property described in the lien paper. From the points and authorities presented by the plaintiffs' brief we may infer that the defendant's claim consisted of a mortgage, but as to the date of such mortgage, by whom or when executed, or

MECHANICS' liens: interest of stranger in premises: evidence.

recorded, the record is silent. If the materials mentioned in the lien paper were furnished under a contract which had been entered into with the owner after the latter had incumbered the property with a mortgage, the lien for the materials was inferior to the mortgage lien; if, however,

they were furnished before the property was incumbered by the mortgage then the former lien is superior to the latter. It does not clearly appear what the character of the improvements was, nor whether the materials were furnished for the completion of the original buildings situate on the property, or for repairs thereto. Whether the lien for the materials was superior or inferior to that of the mortgage would depend upon whether the above fact was the one way or the other. *Reed v. Lamberton*, 53 Mo. App. 76.

The above suggestions are made for the purpose of showing that the evidence contained in the bill of exceptions did not tend to prove any fact which would authorize the court to give any judgment whatever against the defendant. There was no evidence tending to show that defendant had a lien of any kind against the property, so that there was no case to submit to the jury. The judgment must accordingly be affirmed. All concur.