## WM. BRECK, Assignee, *v.* MARTHA SMITH.

1. FORM OF ACTION—EXCESSIVE DAMAGES—RELEASE.—S. brought an action of *assumpsit* against S. & D., on a sealed note for $10,000, and took judgment by default final for $15 675, an amount much in excess of what was really due. The error in the form of action adopted, is cured by the statute of jeofails. Rev. Code, 508, art. 181. Under the statute, Rev. Code, 509, art. 188, it is competent for plaintiff in error to release the excess, and for the court to enter the proper judgment.

Error to the circuit court of Madison county. CAMPBELL, J.

Plaintiff in error assigns the following errors:

1st. The suit was prematurely brought on the 28th February, 1866, upon a writing shown by the declaration to have been dated the 16th January, 1866, and payable on the 1st day of January next thereafter.

2d. The declaration is on a writing described as due at date of suit, and thus shows there was then no cause of action.

3d. The action is misconceived, it being trespass on the case upon promises, and the writing sued on is a sealed note or bill single.

4th. The return on the summons is defective. It does not show the date of service, nor that it was served five days before the term.

5th. The judgment by default is erroneous in this, that process is not shown to have been executed five days before the first day of the term; judgment was rendered at the first term after writ issued.

6th. Said judgment is excessive, being for more than the balance due for principal and interest.

*Geo. L. Potter*, for plaintiff in error.

This case was once submitted on motion to dismiss the writ of error, which motion was overruled. It is now submitted upon the error assigned, with this suggestion, that the new transcript renders unnecessary any consideration of those alleged errors, except the two noted in the abstract. As shown by a calculation made and certified under the rule, the judgment is far greatly too much, and we ask a reversal for that cause. The defendant in error did not see fit to release the excess, but put the party aggrieved to this writ of error, and the necessary result is a reversal, if the alleged error exists. Rev. Code, 509, § 188.

*W. & J. R. Yerger*, for defendant in error.

By looking into the amended record, it will be seen that the first and second assignments of error are not true in point of fact. The action was brought upon the 28th February, 1866, upon a note dated January 16, 1860, and due January 1, 1861.

The fourth and fifth assignments of error are also untrue in point of fact. The suit was begun on the 27th Februry, 1866, returnable to March term. The process was receivd by the sheriff on the 1st day of March, and was executed on the 2d day of March, as appears by the return, and judgment by default was not taken till the October term of the court.

The third assignment of error is cured by the statute of amendments. Rev. Code, 508, art. 181.

The sixth assignment depends on the matter of calculation, and will not be noticed unless presented in the manner required by the twenty-fifth rule of court. If it shall appear that such excess exists, we offer to remit and ask an affirmance of the judgment.

TARBELL, J.:

This is an action in form of trespass on the case upon promises brought by Martha Smith, against R. E. Saunders and R. M. Davis, to recover the amount of a sealed note for ten thousand dollars, dated January 16, 1860, payable January 1, 1861, with ten per cent. interest from its date.

Payments were made upon said note as follows: January 31, 1863, $969 37; April 20, 1865, $1,000.

On the second day of October, 1866, judgment by default was entered for the sum of $15,675 38, besides costs, in the circuit court of Madison county. From this judgment the assignee in bankruptcy of Saunders prosecuted a writ of error for the reversal of the same, and alleges the following grounds therefor:

1st. That the action is misconceived, it being trespass on the case upon promises, while the writing sued on is a sealed note, or bill single.

2d. That the judgment is excessive, being for more than the balance due for principal and interest.

As to the form of the action, the mistake is cured by art. 181, p. 508, Rev. Code.

We have reviewed the calculation of interest submitted by counsel, and find the judgment to exceed the amount due on the note by about the sum fixed by such calculation. From the fact that counsel do not raise the question, we infer that they do not disagree as to the rule by which the interest on the note in this case is to be calculated. Following the rule of computation as prescribed by art. 4, p. 370, Rev. Code, our result varies from that of counsel only one dollar.

In case of an excess in any judgment and its release, art. 188, p. 509, Rev. Code, enacts that, " If the record of any such judgment be removed to an appellate court, before such release shall be made, it shall be competent for the defendant in error to make such release as aforesaid, in the appellate court; and thereupon the said court, after reversing the judgment, shall proceed to give such judgment as the court below ought to have been given if the release had been filed therein ; but in such cases, the appellee or defendant in error shall pay the costs, and the judgment shall not be entered against the sureties in the appeal or writ of error bond."

Following this provision of the Revised Code, it only remains for us to reverse the judgment because of such excess.

But we direct such judgment here as the court below ought to have entered.