## JOHN B. REID *v.* TIMOTHY S. GREGORY.

MECHANICS' LIEN.  *Averments of petition.   Judgment by default.*

Adjudications in a judgment by default in a suit to enforce a mechanic's lien must be limited to matters of right averred in the petition, and cannot be extended by its prayer.

FROM the circuit court of Warren county.
HON. WILLIAM K. McLAURIN, Judge.

Gregory, the appellee, was the plaintiff in the court below; Reid, the appellant, and one Gray and wife were defendants there. The suit was to enforce a mechanic's lien. The petition averred that Gregory, the plaintiff, was a brickmason, plasterer, etc., and that he did work upon and furnished material for a brick house erected by Gray and wife, upon which he claimed a lien, and that the house was erected on lands purchased by Gray and wife from Reid. The petition further averred that Reid, the appellant, also claimed a lien on the property, the nature of which is not stated, but it did not aver that plaintiff's lien was superior to Reid's, or charge any facts from which such superiority could be inferred. The prayer of the petition was for an adjudication that plaintiff's lien was superior to Reid's rights, and for its enforcement. A judgment by default was rendered against all of the defendants, in accordance with plaintiff's prayer, and Reid appealed to the supreme court.

*Voller & Mounger* and *Dabney & McCabe*, for appellant.

It is not alleged in the petition that the lien of Gregory is prior to that of Reid. Hence, under the familiar rule of construction of pleadings that the pleading is to be construed strongly against the pleader, the presumption would be that Reid's lien was prior to that of Gregory. A defendant does not admit by failure to answer anything more than is alleged against him.

This is not a suit brought under the common law. It is a proceeding instituted wholly under authority granted by statute. It was a *quasi* equitable proceeding in a law court.

Certainly it was error in the court below, in view of the allegations of the petition, to render a judgment fixing the respective rights of parties having liens without inquiring into the matter, and rendering its judgment upon an ascertainment of the facts. *Green* v. *Chandler*, 54 Cal., 626; *Keller* v. *Association*, 71 Mo. App., 465.

---

---

*George Anderson*, for appellee.

Code 1892, § 2703, does not require that the party filing the petition shall set out the kind and quality of the lien claimed by other parties on the property sought to be condemned. If the petitioner avers that he is informed that liens are claimed by other parties, and makes those so claiming defendants, it is the duty of such parties to come in and propound, and prove their liens or claims against the property; failing to do which, the court is justified in giving judgment by default against them, and to declare that the petitioner's lien is superior and paramount.

In this case, if Reid chose to sleep upon his rights by ignoring the process of the court, he must take the consequences of his own folly, and cannot be heard to propound his claim for the first time in this court. But counsel say that there was no allegation in the petition that Gregory's lien was prior and superior to Reid's. The court will observe that the prayer of the petition is that Gregory may be declared to have a lien prior to all other liens, including that of Reid's. When appellant read the petition, he must have read this prayer, and in so doing, was put upon notice that a judgment in like terms, by default, would follow such a prayer.

WHITFIELD, C. J., delivered the opinion of the court.

There is no allegation in the petition that the lien of appellee was superior to the lien of appellant. The prayer cannot be looked to, to sustain a judgment by default, on the allegations of the petition. Such petition, not its prayer, is the basis of the claim, and a judgment by default must be confined to establishing the facts alleged in the petition. The judgment by default here is not within any issue made by the pleadings, and is erroneous for that reason. *Green* v. *Chandler*, 54 Cal. 626, and *Keller* v. *Association*, 71 Mo. App., 465, cited by counsel for appellant, directly sustain this proposition, as do also *Delahay* v. *Goldie*, 17 Kan., 264; *Short* v. *Nooner*, 16 Kan., 227; and *Dano* v. *Railroad Co.*, 27 Ark., 569.

*Reversed and remanded.*