PENN, MUTUAL LIFE INSURANCE COMPANY v. DAISEY KEETON

ET AL.

[49 South. 736.]

1. JUDGMENT BY DEFAULT. *Code* 1906, § 808. *Statute of jeofails. Declaration must state a cause of action. Supreme court practice. Reversal. Life insurance policy.*

Code 1906, § 808, providing that a judgment by default shall not be reversed for any omission or fault which would not have been good cause to reverse the judgment if there had been a verdict on issue joined, does not apply where the declaration wholly fails to show a right to recover.

2. SAME. *Same. Case.*

A declaration upon a life insurance policy, showing that proofs of death were an essential condition to liability on the policy, does not state a cause of action, if it does not charge that the proofs were made or aver facts excusing a failure to make them.

FROM the circuit court of Pearl River county.

HON. WILLIAM H. COOK, Judge.

Mrs. Keeton and others, appellees, were plaintiffs in the court below; the insurance company, appellant, was defendant there. From a judgment by default in plaintiffs' favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Alexander & Alexander,* for appellant.

The declaration, taking all its averments as true, is not sufficient to sustain a judgment by default.

It is well settled that a judgment by default will be reversed if the allegations of the declaration are not sufficient to authorize a recovery. This is true not only of declarations at law but of bills in equity. The default merely admits the truth of the matter which is well pleaded in the declaration or bill. *Bradstreet v. Jackson,* 81 Miss. 233, 32 South. 999.

This has been so often held in regard to decrees *pro confesso,* and final decrees based on them, that we do not cite any further authorities. The general principle is cited in 23 Cyc. 740. The declaration in this case, admitting every averment to be true, did not entitle to any judgment for any amount. The policy itself is filed with the declaration and is part thereof. The policy is to be construed as any other contract for the payment of money. It promised to pay a certain fixed amount and certain other amounts to be ascertained on the condition clearly expressed. This condition was not the death of the insured, but "upon receipt of satisfactory proof of insured." Not only does the policy contain this condition precedent to liability, but the declaration states that "the defendant undertook and faithfully promised to pay to the plaintiff for herself and her said minor children upon the proof of the death of the insured being furnished said defendant within six months after death by the said plaintiff the sum of $6,000.00," etc. The failure to furnish proof of death was not a breach of a condition,

nor a cause of forfeiture of the policy which had to be pleaded by the defendant; it was that which gave rise to the cause of action. The making of proof of death was not a thing which can be presumed. To a demand upon the company after the death it would have had a perfect right to answer that there was no liability unless proof be adduced, as required, of the death. The death itself of insured did not give rise to the cause of action. The six years statute of limitations on the policy did not begin from the date of the death. By the terms of the contract the cause of action accrued, and the statute began to run from the making of the proofs of death. We will not discuss this further, however, as we do not think this proposition will be controverted.

The declaration nowhere alleges that any proofs of death were ever made or furnished the defendant. It is wholly silent on the subject. The only reference to the proofs is the clear statement that the undertaking of defendant was to pay upon the proof of death of the insured. The declaration merely alleges the death, and that by reason of the death an action accrued to plaintiffs. For aught that appears in the declaration the six months after death expired without any proof of death having been made or furnished. 25 Cyc. 918; *Stevenson v. Bankers, etc., Ass'n,* 108 Iowa, 637.

If it be contended that the bringing of an action before proofs of death are made would be merely suing before the maturity of a debt, the answer is that a judgment by default in such a case would be erroneous and reversible. Our court has held that a judgment by default where the declaration itself shows a debt was not due would be reversed on appeal. *Terry v. Curd,* 66 Miss. 394, 6 South 229.

*Shivers & Shivers,* for appellees.

Appellant says that, it is well settled by the judgment by default will be reversed if the allegations of the declarations are not sufficient to authorize a recovery, . . . The default

merely admits the truth of the matters which are well pleaded in the declaration or bill, and cites *Bradstreet v. Jackson,* 81 Miss. 233, 32 South. 999, to sustain this position. This was a suit by the city of Jackson against the Bradstreet Company to enforce the recovery of a privilege license tax on it as a commercial agency, for the years 1892 and 1893: case decided in 1892, decisions say that there was no element of contract in this clause, and the law taxing such agencies had been repealed in 1896 without any saving clause, therefore the case does not support the judgment by default. This does not sustain the contention. Appellant then says that, the "general principle is cited in 23 Cyc. 740, which in substance is the same as his opinion *supra;* but the authorities quoted in the note to 23 Cyc. 740, from Mississippi are *Merritt v. White,* 37 Miss. 438, and *Smith v. Gardner Hardware Co.,* 83 Miss. 652, 36 South. 9. The case of *Smith v. Merritt* was decided by the court on the grounds, (1) that the return of the writ of "executed" was insufficient, and (2) that the declaration was not filed when the suit commenced. In the case of *Smith v. Gardner Hardware Co.,* which was a petition to enforce a mechanics' lien for certain material furnished the contractor, which failed to state that the owner was personally liable for the goods, or that at the date plaintiff gave him notice of him having furnished goods to the contractor, the owner was indebted to contractor in any sum. Smith appeared and filed his answer denying any indebtedness to the contractor at the time notice was served on him, and denying all the material allegations of the declaration, case continued at request of plaintiff, at subsequent term of the court judgment by default was rendered against Smith, no disposition having been made of his answer, judgment declared void. The authorities cited by appellant do not support his theory as to what will avoid a judgment by default in the face of the statutes of this state, and of those statutes heretofore promulgated by this court.

The Mississippi statute of jeofails (Code 1906, § 808) provides that, "A judgment shall not be stayed or reversed after

verdict for any defect in the writ, or for a variance in the writ from the declaration, from the proceedings . . . or for omitting the averment of any matter without the proving of which the jury ought not to have given such a verdict, etc. . . . Neither shall judgment by default be reversed, nor a judgment after enquiry of damages be stayed or reversed, for any omission or fault which would not have been good cause to stay or reverse the judgment if there had been a verdict on issue joined.

"The statute is fully explained and sustained by the decisions of this court from its earliest days to the present time. There must be some duty, or obligation stated, which might be a good cause of action." *Wells v. Woodley,* 5 How. 492.

In that case, the note became due, including days of grace, on the 29th day of January, and not protested as averred in the declaration until the 28th of the following February, yet the verdict was sustained.

In *Winn, v. Levy,* 2 How. (Miss.) 903, the same objection was made, the judgment was by default against the endorser of the note.

"The statute puts judgments *non sum informatus* and *nil dicel* on the same footings as judgments, the count would have been bad on demurrer, but the defect would be cured by verdict or by judgment by default." *Gale v. Lancaster,* 44 Miss. 413.

In Mississippi objections to the pleadings must be made before trial, and if not done neither party, after verdict, can take advantage of defect in the pleadings. *Noble v. Terrell,* 64 Miss. 830, 2 South. 14; *Yazoo, etc., Railroad Co. v. Schraag,* 84 Miss. 193, 36 South. 193.

The declaration need only state in concise and intelligible language, sufficient matter of substance to show that plaintiff has a meritorious case. *Gibson v. Meek,* 71 Miss. 614, 15 South. 789.

Argued orally by *C. H. Alexander,* for appellant.

MAYES, J., delivered the opinion of the court.

It seems to be well settled that, before a judgment by default can be sustained, the declaration must contain such averments as are necessary to show a right to recover, and it is our judgment that this declaration is wanting in this essential.    23 Cyc. 740, notes 83, 84.    The declaration alleges the making of the insurance contract on the 22d day of October, 1906.    It makes the insurance contract an exhibit to the declaration, and alleges the payment of all premiums and the death of the insured on the 3d day of October, 1907, and while the policy was in full force.    The declaration further alleges that "the defendant undertook and faithfully promised to pay the plaintiff, for herself and her minor children, upon the proof of the death of the insured being furnished said defendant within six months after the death," etc.

The policy of insurance expressly stipulates as one of its conditions of liability, and this policy is made an exhibit to the declaration, that "proofs of death shall be furnished to the company at its home office, within six months after the ascertained death of the insured, and in the form prescribed by the company."    It is thus seen that the declaration alleges that one of the conditions of liability is proof of death as provided in the policy, and the policy stipulates for this.    Yet it is nowhere alleged in the declaration that this condition of the policy had been complied with, nor does the declaration allege such facts as would excuse the plaintiff from the compliance with this condition.    The declaration states no cause of action until it shows that a liability under the policy was attached, and the liability did not attach on a mere showing of a valid contract of insurance and death; but by the terms of the policy liability attaches only when there is a valid contract, death, and proof of loss, or an allegation of fact which would excuse such proof.

It is well settled that, when there is a judgment by default, nothing will be assumed as proven beyond what is shown on the face of the declaration, and when this test is applied to this

declaration it does not show a right to recover, because it does not show a compliance with the conditions of the policy by virtue of which liability under the policy attaches. See Cyc. 918. The cases of *Globe Accident Ins. Co. v. Reid,* 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291; *Ishmel v. Potts* (Tex. Civ. App.) 44 S. W. 615, and *Sloan v. Faurot,* 11 Ind. App. 689, 39 N. E. 539, are instructive along this line. In the case of *Bradstreet v. Jackson,* 81 Miss. 233, 32 South. 999, the decision of the court necessarily involved the holding that where a declaration failed to state a cause of action, or show a right to recover, a judgment by default could not be sustained. The same thing was held in the case of *Smith v. Gardner Hardware Co.,* 83 Miss. 654, 36 South. 9.

Section 808, Code 1906, referred to by counsel for appellee, the concluding clause of which provides that "neither shall judgment by default be reversed, nor a judgment after inquiry of damages be stayed or reversed, for any omission or fault which would not have been good cause to stay or reverse the judgment if there had been a verdict on issue joined," has no application where the declaration wholly fails to show a right to recover, and that is the case here. Such a judgment is simply void. This is expressly held in the cases of *Wells v. Woodly,* 5 How. (Miss.) 484; *Haynes v. Ezell,* 25 Miss. 242, and *Gale v. Lancaster,* 44 Miss. 413.

*Reversed and remanded.*