AMERICAN NAT. INS. CO. OF GALVESTON, TEX., *v.* GOLDEN.

(Division B.   Oct. 29, 1923.)

[97 South. 580.   No. 23579.]

PLEADING.   *Statute of jeofails to assist imperfect statement of cause of action does not embrace independent one.*

The statute of jeofails (section 808, Code of 1906; section 596, Hemingway's Code) cures a defective pleading which attempts to state a cause of action. It does not embrace a new or distinct cause of action. Its purpose is to help out an imperfect statement of a cause of action, but not to introduce a distinct or independent one.

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, circuit judge.

Action by Carrie Golden against the American National Insurance Company of Galveston, Tex. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for plaintiff.

*McLean, Carothers & McLean,* for appellant.

The policy of insurance sued upon, and which was made a part of the declaration, contains the following provisions: "(V) In the event of any claim arising under this policy due directly, wholly, or in part to  .  .  .  appendicitis  .  .  .  or contact with poisonous or infectious substances, or any chronic disease, then in all such cases benefits shall be paid solely under sickness benefits, as provided under paragraph F or G of this policy, not in excess of the amount payable for two months' total disability under paragraph F in any one policy year."

"(F) At the rate of fifty dollars per month for a period not exceeding eight consecutive months, during which the insured shall be necessarily and continously confined to the house and therein regularly visited at least once every seven days, by a legally qualified physician, and wholly

disabled and prevented by bodily disease or illness from performing any and every duty pertaining to any business or occupation.    Monthly indemnity, fifty dollars."

"(I) Natural Death Benefit.    Or, if death of the insured, over eighteen and under fifty years of age, shall occur while this policy is in force, resulting alone from any disease or sickness, originating after this policy has been continuously in force and effect for not less than ten days without delinquency, immediately preceding the beginning of "such illness," the company will pay, in addition to any other indemnity, a sum equal to one month's indemity provided under paragraph F for total disability.    .    .    ."

This is not an appeal from a judgment by default, but is an apeal from a judgment overruling a motion for a new trial and to set aside the judgment for the reason that the amount of the judgment was excessive; and this motion to set aside the judgment was made at the same term at which the judgment was entered, and over which the court at that time had complete control.

A judgment by default cannot be of any greater dignity nor of more binding force than a judgment rendered upon issue joined. See the express provisions of our statute of jeofails (section 596 of the Code of 1906, section 808 of Hemingway's Code).    The fact that default was made does not, and cannot, prejudice the right of defendant to insist that it be required to pay no more than the plaintiff had the right to demand under her pleadings.    When a party is sued and service of process is had upon him, and he fails to plead or answer, he simply admits that he is liable for the amount which the pleadings of the plaintiff show he is entitled to, and all that the court has the right to do is to enter judgment for the amount as made out by the plaintiff's pleadings.

The policy, which was made Exhibit A to the declaration, is a part and parcel of the declaration, not only because the plaintiff in her declaration makes the policy an exhibit to the declaration, and asks "that it be considered the same as if copied in the declaration," but also because

under section 518 of Hemingway's Code, section 735 of the Code of 1906, *Panola County Bank* v. *Lumber Company,* 78 So. 517, the exhibit to the declaration is a part and parcel of the declaration.

The defendant had the right to rely upon the proposition that the court would not permit a judgment by default to be entered for a greater sum than that claimed by the plaintiff. And this policy shows upon its face that the greatest amount which could have been recovered under any circumstances is one hundred dollars. See *Reed* v. *Gregory,* 78 Miss. 249; *Breck* v. *Smith,* 44 Miss. 690.

In order for a verdict to stand it must be supported by the evidence in the case. The court in the case of *Holmes* v. *Preston, et al.,* 70 Miss. 152, construed the statute of jeofails, section 746, Code 1892, brought forward as section 808 of Code of 1906. Citing *Reaves* v. *Dennis,* 6 S. and M. 89. See 23 Cyc., page 764, 23 Cyc., page 1096; *Garvin* v. *Lowry,* 7 S. and M., 24; *Sims* v. *McIntyre,* 8 S. and M. 324; *Nye* v. *Grubb,* 8 S. and M. 643.

*B. D. Newsom* and *Cowles Horton,* for appellee.

Under the provisions of section 596, Hemingway's Code, and the established practice in this state, such defects as may here exist have been cured by this judgment. This statute not only cures all such defects in the pleadings but prevents a reversal of a judgment for "damages" after a writ of inquiry has been executed, though the fact may be that such "damages" are excessive and beyond what the party would have recovered if timely defense had been interposed.

However meritorious their contentions may be and the defense of appellant might have been if interposed in time, it has suffered this default, and, thereby, admitted not a part but all of the allegations of this declaration. If the appellee, under this policy, is not entitled to anything, or entitled to only one hundred dollars or any other amount, this is a matter of defense to the suit, pure and simple, and, while the fact may be that appellee's recovery is excessive or even contrary to the facts as they ac-

tually exist, appellant cannot be heard in these arguments now, because of its own neglect and admissions by its default. See *Winn* v. *Levy*, 2 How. 904.

Counsel cites authority to support their claim that a judgment by default cannot be good unless the declaration states a cause of action and cannot stand for more than the amount demanded by the pleadings. This statement is absolutely sound and elementary. The trouble is, it cannot help the appellant here for the reason that the declaration does state a cause of action and alleges that appellee is entitled under the policy itself to the amount for which judgment was rendered.

Appellee averred in her declaration that the appellant issued this policy on the life of her husband and that "by its terms she was the beneficiary thereunder;" that the insured kept and performed all the conditions required of him under the policy and was dead. That the policy was in full force and effect "at the time of the death of the said J. H. Golden" and that "under the terms of the said policy she is entitled to collect of the defendant the sum of six hundred dollars."

Assuming that it is true that appellant is not "under the terms of the said policy" entitled to six hundred dollars, we maintain that she positively averred that she was in her declaration and appellant admitted that fact by its default. We maintain that if this case had been tried out by a jury and on proper instructions and under proper evidence a verdict for six hundred dollars had been granted UNDER THIS VERY DECLARATION, though an amendment would have been necessary if the point had been raised before verdict, the court could not set aside the verdict at this time.

The case of *Reed* v. *Gregory*, 78 Miss. 249, and *Breck* v. *Smith*, 44 Miss. 690, do not affect the matter here at all. In the first case, the petition did not justify on its face the judgment entered. In the other case, the party suing obtained a judgment for a greater sum than the notes sued on would ever justify by proper calculation and counsel for that party very properly conceded that he was

not entitled to more than the proper calculation would justify.

The *Keeton case*, 95 Miss. 713, cited by the counsel is not at all in point, for the reason that the declaration there did not allege that the company had waived the death proofs nor that the death proofs were made. In the case at bar, appellee avers that the death proofs were not made because waived by the appellant.

We, therefore earnestly insist that the judgment of the court below should be sustained, since, as we have tried to show, appellant completely failed to set forth in the proper way any reasons whereby the court would have been justified in granting its motion.

*McLean, Carothers & McLean,* in reply for appellant.

The declaration alleges that the insured died of appendicitis, and the policy provides in such case that the beneficiary could only recover under paragraphs F or G, which by no stretch of the imagination could justify the verdict of six hundred dollars. The judgment cannot possibly be sustained by the pleadings and the evidence, but is in direct conflict therewith.

SYKES, P. J., delivered the opinion of the court.

Suit was brought upon an insurance policy in the circuit court by Carrier Golden, as beneficiary in said policy issued by the appellant (defendant insurance company) insuring the life of J. H. Golden, and also providing certain indemnities payable to the insured in case of accident.

The insurance policy is made an exhibit to the declaration. The declaration alleges, and the policy also shows, that it was issued on April 27, 1922. The declaration further alleges that J. H. Golden died on or about June 3, 1922, from an attack of appendicitis. The declaration alleges that plaintiff made demand upon the insurance company for blanks on which to make proof of death, but that it refused to furnish these blanks, thereby waiving proof of death. The amount sued for is six hundred dollars.

Process was duly issued and served but the defendant failed to appear. Judgment by default was taken. A writ of inquiry issued, and a jury assessed the damages under the policy at the amount sued for; whereupon defendant appeared, made a motion for a new trial, and took a special bill of exceptions to the ruling of the judge overruling the motion. From this bill of exceptions it appears that the only testimony introduced before the jury was the insurance policy.

It is contended by the appellant in this court that the policy of insurance, when considered with the declaration, demonstrates that the verdict is excessive; that the maximum amount of recovery in this case can only be one hundred dollars.

The appellee contends that the statute of jeofails (section 808, Code of 1906; section 596, Hemingway's Code) cures all defects in this judgment. The declaration avers and the policy shows that the policy was issued on April 27, 1922, and that the insured died of appendicitis on June 3, 1922, while the insurance policy was in force. These facts are properly pleaded, and it only remains to turn to the policy to ascertain what insurance this beneficiary is entitled to recover for this sickness and death of her husband. The statute of jeofails cures a defective pleading which attempts to state a couse of action, but does not embrace a new or distinct cause of action. Its purpose is merely to help out an imperfect statement of a cause of action, but not to introduce a distinct or independent one. *Hamer* v. *Rigby,* 65 Miss. 41, 3 So. 137. See, also, *Breck* v. *Smith,* 44 Miss. 690, and *Reid* v. *Gregory,* 78 Miss. 247, 28 So. 835. There is nothing, however, imperfect in the statement of the cause of action is this case. It is for all benefits accruing to the beneficiary because of the death of her husband from appendicitis.

Turning now to the clauses of the policy which determine this recovery, they are F, I, and V. .

The material portions of V are that, in the event of any claim arising under this policy due directly to appendicitis, benefits shall be paid solely under sickness benefits

as provided under paragraph F or G (G not being material here).

F.   At the rate of fifty dollars per month for a period not exceeding eight consecutive months, during which the insured shall be necessarily and continuously confined to the house, and therein regularly visited at least once every seven days by a legally qualified physician, and wholly disabled and prevented by bodily disease or illness from performing any and every duty pertaining to any business or occupation.   Monthly indemnity, fifty dollars.

I.   *Natural Death Benefit.*   Or, if death of the insured, over eighteen and under fifty years of age, shall occur while this policy is in force, resulting alone from any disease or sickness, originating after this policy has been continuously in force and effect for not less than ten days without delinquency, immediately preceding the beginning of "such illness," the company will pay, in addition to any other indemnity, a sum equal to one month's indemnity provided under paragraph F for total disability.

In this case the insured was under fifty years.

Construing these clauses of the policy most strongly in favor of the beneficiary and against the insurance company which prepared it, and assuming that the plaintiff in the court below could have proven for the maximum amount allowed under provision I of this policy, the insured could have been taken with appendicitis ten days after the policy was issued and been continuously confined to the hospital and visited by a physician until his death, thereby entitling a recovery for a month's total disability under paragraph F.   In addition thereto, under paragraph I she is entitled to recover an equal sum, making in all one hundred dollars.

Under the allegations of the declaration and the insurance policy, which is a part thereof, this is the maximum amount of recovery to which plaintiff is entitled.

Reversed, and judgment will be entered here in favor of the appellee for one hundred dollars.

*Reversed.*