STEVENS *et al. v.* BARBOUR *et al.*

(In Banc.    May 25, 1942.)

[8 So. (2d) 242.    No. 35009.]

Lotterhos, Travis & Dunn, of Jackson, for appellants.

L. P. Spinks, of DeKalb, for appellees.

McGehee, J., delivered the opinion of the court.

This is a suit by attachment at law on the ground of nonresidence, to collect an indebtedness which had accrued in favor of the appellees by reason of their endorsement and payment of a promissory note executed by R. J. Dean in favor of a bank at Yazoo City for a loan of money. The note was executed on December 5, 1940, by Dean in his own name, but the declaration in attachment alleges that the three nonresident defendants, A. L.

Stevens, Walter Trout and R. J. Dean, were operating a certain drilling enterprise as partners during that month in the name of R. J. Dean, and it is therefore stated as a conclusion that they were all jointly and severally liable for the contracts and undertakings conducted in his name. The declaration further alleges that R. J. Dean "acting for himself and his co-defendants herein" procured the plaintiffs to endorse the note in question which he had executed "for himself and co-defendants in the sum of $200.00 . . .," but failed to allege that its execution was authorized by the said A. L. Stevens and Walter Trout or that it was done with their knowledge and consent. Nor is it alleged that the money was borrowed for use in connection with the partnership business.

The writ of attachment was levied on one steel derrick located in Kemper County "as the property of R. J. Dean" according to the sheriff's return thereon. Thereafter, process by publication was had on all of the nonresident defendants by notice published in a local newspaper on February 20th and 27th, and March 6th and 13th, 1941, returnable to the circuit court which convened on Monday, March 17, 1941. The defendants failing to appear and defend the suit, a default judgment in rem was taken on November 4, 1941, at the next succeeding term of the court, condemning the derrick to be sold to pay the indebtedness sued for and all costs, but ordered a stay of the sale until a claimant's issue interposed by Otho Gilbert, as administrator of the estate of W. D. Mitchell, deceased, could be tried, the said administrator having claimed that the property levied on belonged to the W. D. Mitchell estate. Three days later, the appellees, as plaintiffs in attachment, instead of requiring the claimant to establish his title and ownership of the property in a trial of the claimant's issue, consented that the property be sold by the sheriff for the benefit of themselves and the claimant, and that the latter should receive all

of the proceeds of the sale above the sum of $200 and costs; also that in the event the plaintiffs in attachment should become the successful purchaser at the sale, they would try to resell the property at the best price obtainable at a private sale and pay the balance of the proceeds, in excess of their own claim, to the estate, represented by said claimant.

A judgment was accordingly rendered by the court by consent of the plaintiffs in attachment and the claimant, notwithstanding that the nonresident defendants, whose ownership of the property the plaintiffs in attachment had alleged, would have been entitled to the proceeds of such sale over and above the demand of the plaintiffs in attachment, if the latter had prevailed on the trial of the claimant's issue, and also notwithstanding that there could have been no sale had the claimant prevailed in establishing his title and ownership of the property on a trial of that issue. The appellants challenge the validity of this judgment on the ground that the success of either of the parties to the claimant's issue would clearly preclude the right of the other, and that therefore the plaintiffs in attachment were without authority to consent on behalf of the nonresident defendants that the claimant should receive the excess of the proceeds of the sale; that since the court would have been without authority to render such a judgment as a result of a trial of the claimant's issue, it was without jurisdiction to do so by consent of the parties where no notice had been given to the nonresident defendants as to what was being done, since a defendant who fails to appear has a right to assume that the issues raised by the pleadings will be disposed of in accordance therewith and under the applicable principles of law.

It is also insisted that the default judgment rendered on November 4, 1941, on the attachment issue was void as having been rendered at the return term without personal service of process on the nonresident defendants;

that the publication of the notice not having been completed for at least five days before the March term, it was not sufficient to require the appearance of these defendants until the next succeeding term, thereby constituting such term the return term. We are of the opinion that the contentions cannot be sustained for the reason that Section 137, Code of 1930, provides that the notice in attachments at law against nonresidents shall be published "once a week for three weeks in some newspaper published within the county," and Section 1398, Code of 1930, provides that when publication shall be required to be made in some newspaper "for three weeks," it shall be sufficient to publish once each week for three weeks, even though there be not three weeks between the first and last publication; that if there is three weeks between the first publication and the day for the appearance of the party, this will be sufficient. It is true that Section 2968 requires that "The summons, in actions in circuit court, shall be made returnable on the first day of the term, and shall be executed five days before the return-day thereof; and if executed within five days before the return-day it shall be good to require the appearance of the party at the term next after that to which it is returnable." But, when this statute is construed in connection with the legislative declaration contained in Section 2972, Code of 1930, to the effect that when publication is required to be made once in each week during three successive weeks, it shall be deemed completed at the end of twenty-one days from the date of the first publication, we think that the publication of the notice in the case at bar was sufficient to require the appearance of the nonresident defendants at the March term, and this is especially true in view of the further provision to the effect that "the defendant may be thereupon proceeded against as if he had been served personally for five days, previously to the date of the completion of said publication, with a summons in the

case in this state.'' We are not unmindful that said Section 2972 relates to a publication in a chancery proceeding, but it has been held that these procedural statutes should be construed so as to harmonize one with the other whenever the same can be done.

We are also of the opinion however that the judgment must be reversed and remanded for two reasons: First, the declaration shows on its face that the nonresident defendants were merely engaged as partners in an adventure not constituting a general trading or commercial partnership, and wherein there was no implied authority on the part of one of the partners to execute a promissory note for borrowed money, and no express authority therefor is alleged in the declaration, Toof, Phillips & Cirode v. Duncan, 45 Miss. 48; Davis v. Richardson et al., 45 Miss. 499, 7 Am. Rep. 732; Prince v. Crawford & Gaither, 50 Miss. 344; 20 R. C. L. 900, Sec. 111; and it is required that a default judgment shall be predicated upon a pleading which states the essential elements necessary to constitute a cause of action; Penn Mutual Life Ins. Company v. Keeton, 95 Miss. 708, 49 So. 736; Odom v. Gulf & S. I. R. Co., 101 Miss. 642, 57 So. 626. And, second, the plaintiffs in attachment and the claimant were without 'authority to cause the entry of the judgment by agreement whereby the former were to receive satisfaction of their demand from the proceeds of the sale of the attached property and pay over the excess to the latter, without regard to the rights of the nonresident defendants who had a right to assume that the judgment would be limited, as against them, to a proper determination of the issues raised by the pleadings. 31 Am. Jur. 130, Sec. 515.

In view of the conclusion reached, it is unnecessary to consider the other errors assigned.

Reversed and remanded.