MUTUAL BEN. HEALTH & ACCIDENT ASS'N *v.* CROWDER.

(In Banc. Jan. 13, 1947.)

[28 So. (2d) 654. No. 36192.]

Watkins & Eager, William E. Suddath and Mrs. Elizabeth Hulen, of Jackson, and Deavours & Hilbun, of Laurel, for appellant.

94

Leonard B. Melvin, of Laurel, for appellee.

Argued orally by **William E. Suddath** and **Mrs. Elizabeth Hulen**, for appellant, and by **Leonard B. Melvin**, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the Court.

For a number of years, appellant, a foreign corporation, has been engaged in the sick and accident insurance business in Mississippi. In 1931, appellee was the holder of one of its policies insuring him aganst such hazards. He sought to collect indemnity for alleged illness. Appellant denied liability for reasons not definitely disclosed in the record. Ultimately, appellee brought suit in the circuit court for the first district of Jones County.

This action was transferred to the United States District Court for the Southern District of Mississippi, Hattiesburg Division, where the final order entered in the litigation reads in part as follows: "This day this cause came on to be heard and it appearing unto the court that the matters and things in controversy have been fully satisfied, paid and compromised, and that said cause

should be dismissed with prejudice. It is therefore ordered and adjudged that said cause be and the same is hereby dismissed with prejudice at the cost of the defendant, for which let execution issue."

In 1945, for advertisement purposes, appellant published in Jones County the following offer of reward: "$1,000.00. To anyone who can prove that Mutual Benefit has failed to pay a claim covered under the policy and which we will not pay upon receipt of proof acceptable under the terms of the policy—$1,000.00 reward!" It will be noted that this offer was conditioned upon failure to "pay a claim covered under the policy." In other words, a just claim for which appellant by its policy had bound itself to pay. Appellee made his own one-time claim and its former litigation the basis for demanding this reward. Denied, he brought suit in the same circuit court of Jones County, First District. With his declaration, he filed a copy of his declaration for illness benefits in the former action, as an exhibit, and also exhibited the final judgment of the United States District Court, supra. He did not, however, exhibit the pleas of the appellant insurance company. There is, therefore, not disclosed in this record what defense the insurance company interposed. Since the offer of reward was not merely for proof of refusal to pay a claim, but was patently for proof of refusal to pay a just claim covered under the policy, it was incumbent upon appellee both to allege and prove that he had a lawful claim that remained unsatisfied at the time the reward was offered.

Appellee's declaration for the reward made the same allegations of liability against appellant as he did in his former declaration for the insurance benefits, with the additional allegations seeking to support his claim for the reward. To this declaration at bar, with its aforesaid exhibits, appellant demurred on several grounds. In our judgment, the declaration is demurrable for more than one of them, but a discussion and decision as to only one will dispose of the case in view of the conclusion we have

reached. The demurrer challenges the sufficiency of the declaration because it states no cause of action, and shows affirmatively "from the pleadings filed herein by the plaintiff that it has been adjudicated by a court with full jurisdiction over the parties hereto and the subject matter hereof that all of plaintiff's rights and claims under said policy of insurance have been fully satisfied, paid and compromised." The trial court sustained this demurrer, not on the above ground, but only "in so far as the demurrer applies to the time and place of the publication of the reward." Subsequently, judgment by default for the full amount of the reward was rendered by the trial court under unusual circumstances not necessary to discuss here, since its judgment must be reversed and judgment rendered herein for appellant. Here, failure of the trial court to rule on the entire demurrer is assigned as error, because its specific designation of one ground for sustaining the demurrer overruled all others, including the one we are discussing. The point was again made in the affidavit with the motion to vacate the default judgment, the overruling of which is assigned as error here.

Since the appellee, in the instant action for the reward, disclosed by the exhibit to his declaration that he had received full accord and satisfaction from appellant, in the satisfaction, payment and compromise of his suit for insurance benefits in the former litigation, the demurrer should have been sustained for that reason, as the declaration stated no cause of action with reference thereto. The amendment of his declaration by appellee, giving the date and place of publication of the reward offer, did not remedy the other fatal defect raised by the demurrer. We have repeatedly announced the rule that a declaration which does not state a cause of action will not sustain a judgment by default. Stevens et al. v. Barbour, et al., 193 Miss. 109, 8 So. (2d) 242; Odom v. Gulf & Ship Island Railroad Co., 101 Miss. 642, 57 So. 626; Penn Mutual Life Insurance Co. v. Keeton, 95 Miss. 708, 49 So. 736; Reid v. Gregory, 78 Miss. 247, 28 So. 835.

The best that appellee can say for his former action is that he made a demand for a claim under an insurance policy issued by appellant, which was contested. Since no plea of appellant was filed by him as an exhibit to his declaration, evidencing an unjust refusal to pay a claim covered by the policy and he was satisfied and paid under a compromise settlement in a court of competent jurisdiction, he thereby demonstrated that he was not entitled to recover the reward for which he sued, under the very terms of its offer. The compromise of the case did not constitute an admission by appellant that appellee's then claim was valid "but merely admits that there is a dispute, and that an amount is paid to be rid of the controversy; . . ." 15 C. J. S., Compromise and Settlement, Sec. 22, p. 737. We have held that a sum tendered by a debtor on condition that it will be accepted in full settlement of claim, constitutes accord and satisfaction of claim. May Brothers v. Doggett, 155 Miss. 849, 124 So. 476.

There are other reasons why the declaration in the case at bar, and probably why the declaration in the former action, failed to state a cause of action. However, it is not necessary to discuss them here inasmuch as we are of the opinion that for the reasons, supra, the lower court was in error, in failing to sustain the demurrer of appellant on the grounds hereinabove set forth. Its judgment will therefore be reversed, and judgment rendered here for appllant.

Reversed and judgment here for appellant.

**Sydney Smith, C. J.,** did not participate in this decision.