HARDY, Judge.
In this case the plaintiff, doing business under the name of Southern Builders’ Supply, seeks the recovery of the sum 'of $414.53 for building materials and supplies allegedly sold and delivered to the defendant. After trial there was judgment in fávor of defendant rejecting plaintiff’s demands, from which plaintiff has appealed.
We think the matter before us involves solely the determination of questions of fact and, comcededly therefore, great weight must be given by this -Court to the finding of the District Judge.
Plaintiff claims that on or about June 12, 1948, the defendant ordered certain building materials, as specified in an invoice introduced on behalf of plaintiff; that the order was made in person by the defendant, the materials were loaded upon his truck, and he. transported them from plaintiff’s place of business to Arcadia, Louisiana. There is no question as to the correctness of the majority of these facts, but there is a serious dispute between.the parties as to the -capacity in which defendant was acting at the time, and it is upon a resolution of this point that the case must turn.
Defendant contends that he was in the hauling business and that he was engaged Iby one Compton Lowery to make the trip from Arcadia to Monroe, to load the materials which had been listed by Lowery and to return therewith to Arcadia. Defendant further claims that the order itself was enclosed in a sealed envelope .given him by Lowery and which he in turn presented to plaintiff. It is further contended by defendant that Lowery himself had told him that he would follow the truck to Monroe and make arrangement for payment for the materials to plaintiff, which understanding he communicated to plaintiff upon his arrival at the supply company. All of this is strenuously denied -by plaintiff, regardless of which denial it is conclusively established that defendant and his helper, -after loading the tru-ck with the materials, remained at plaintiff’s supply yard for a considerable period of time. Lowery did not show himself and at about 11:15, according to' defendant’s story, he informed'plaintiff that he had another hauling job which required him to go to Shreveport and he would have to unload- the materials and leave. At this, plaintiff insisted that defendant take the materials on to Arcadia, 'plaintiff feeling assured that Mr. Lowery *484 would make payment therefor. Again this version is denied by plaintiff who insists that defendant loaded the materials and left the yard without his permission.
The testimony adduced on trial is in violent conflict, but we think the implications which are to be drawn from certain undisputed facts are not only significant but controlling. We find it unnecessary to analyze in detail the testimony of the several witnesses and prefer to deal only with those facts which, in our opinion, have ibeen definitely established.
The copy of the invoice wliich was introduced by. plaintiff shows that it was máde to “Lowery Motor Company, Arcadia, Louisiana”, and signed “Received in good order by B. T. [Henderson”. On trial defendant’s counsel procured the production from plaintiff of the original of the invoice and introduced the same on behalf of defendant. The above quoted portions of the invoice 'copy are identical with the original save and except for the fact that there appears to have been added on the original invoice after the name of Lowery Motor Company the words “and B. T. Henderson”. Obviously this addition was made subsequent to the preparation of the invoice by the plaintiff. In-any event we are at a loss to perceive how plaintiff can be heard to' contend that he was doing business with and selling materials to B. T. Henderson when the invoice was made to Lowery Motor Company.
Defendant proved step by step his delivery of the materials to a barn on Compton Lowery’s premises and the sale of the materials by Lowery to other parties. There is not the slightest evidence that defendant had any interest in or concern with the materials except as a trucker or hauler thereof. •
Additionally, defendant’s story as to his conduct and negotiations with plaintiff is much more convincing, than that which is urged by the latter party. It seems most unlikely to us, from a. practical standpoint, that plaintiff would have permitted an unknown Negro tracker to haul materials of a substantial value away from his. supply yard. If, as plaintiff contends, the actual departure of defendant, his truck and the materials was made without plaintiff’s knowledge, it is again difficult for us to believe that plaintiff would not have made some immediate pursuit of defendant.
Consideration of all the facts, disputed and undisputed, convinces us that plaintiff originally looked to Compton Lowery for payment of the value of the materials and only after Lowery’s death did he determine upon this litigation against defendant. The record abundantly establishes Lowery’s questionable actions in connection with this entire matter, but we do not think it requisite to comment upon this in detail.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.