WILSON *v.* TERRY.

Oct. 19, 1953

No. 38874 39 Adv. S. 79 67 So. 2d 387

*Jackson & Ross,* Jackson, for appellant.

*Russell & Little,* Magee, and *Stennett & Stennett,* Jackson, for appellee.

414

LEE, J.

Orena Terry filed suit in the circuit court against J. M. Majors, doing business as Majors Cab Company, to recover damages for a personal injury. Her declaration

charged that she was a passenger for hire in a taxicab, No. 138, owned by Majors and driven by his agent Joe Lee Friley, who was then acting within the scope of his authority and about his master's business; and that, on account of the negligence of the driver, she suffered the loss of an index finger, together with other damages.

Majors' answer denied that there was any liability on him. He averred that he neither owned nor operated the taxicab in question, and that Joe Lee Friley was not his employee. He suggested however that a taxicab was being operated about the time in question by Monroe Wilson, under the trade name of Majors Cab Company, and that Joe Lee Friley was the driver thereof.

Thereupon plaintiff filed a motion in which she stated that "according to the said answer of Majors, the cab which was involved in said alleged wreck or accident was not owned by the said J. M. Majors, but was owned and leased by other parties," and asked leave to amend the original declaration so as to incorporate necessary and proper parties as defendants. The motion was sustained. Thereafter the amended declaration charged that, upon information obtained from Majors' answer, "plaintiff finds that said necessary and proper parties was the owner or lessor of the automobile described in said original declaration which was involved in said cause of action." Carl Brooks, Jr., and Monroe Wilson were then merely named as defendants. Following this, it was said, "and for cause of action, (she) adapts this her amended or supplemental declaration and original declaration, as testimony thereof." Judgment was then demanded against Majors, Wilson and Brooks. Majors' answer was not made a part of the amended declaration.

When Wilson did not answer, after proper process, judgment by default was rendered against him at the return term; and, proceeding under a writ of inquiry, the amount of damages was fixed at $4,000.00, and judg-

ment thereon was rendered. Within the time provided by law Wilson appealed.

The question for decision is whether or not the original and amended declarations stated a cause of action against the appellant.

Now, if the declaration ''contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient * * *.'' Section 1464, Code 1942.

 The rule seems to be well established in our jurisprudence that, by reason of the statute of jeofails, Section 1544, Code 1942, all defects which arise from an imperfectly stated cause of action are cured after verdict; but, if the declaration states no cause of action whatever, a verdict does not cure such defect. Wells v. Woodley, 5 How. 484; Reid v. Gregory, 78 Miss. 247, 28 So. 834; Penn Mutual Life Ins. Co. v. Keeton, 95 Miss. 708, 49 So. 736; American National Insurance Co. v. Golden, 133 Miss. 282, 97 So. 580; Oliver Bus Lines, Inc. v. Mrs. Eva Ruth Smith, 164 So. 43; Stevens, et al. v. Barbour, et al., 193 Miss. 109, 8 So. 2d 242; Mutual Benefit Health & Accident Assn. v. Crowder, 201 Miss. 92, 28 So. 2d 654.

It seems to be generally recognized that, to maintain an action for negligence, the declaration must charge that the defendant was under a duty to use care; that he failed to do so; and that the plaintiff was injured as the proximate result thereof. In other words, ''negligence proceeds from a failure to perform a duty owing by the negligent to the injured.'' Georgia Casualty Co. v. Cotton Mills Products Co., 159 Miss. 396, 132 So. 73; Campbell v. Willard, 205 Miss. 783, 49 So. 2d 483; Prosser on Torts, page 175; 38 Am. Jur., Negligence, Sections 258-9, pp. 948-9; 65 C. J. S., Negligence, Section 185, p. 871.

If the declaration in fact charged that Wilson was the owner or lessor, it failed to charge that he was the operator, or that Joe Lee Friley was his agent, or that Wilson was under any duty to the plaintiff, or that he was in

any way responsible for the injury. Wilson was under no obligation to hunt up information that might perhaps make out a case against him. He was bound to take notice only of the allegations, if any, against him in the original and amended declarations. If he did that, he could not have found a charge that he was under a duty to use care toward the plaintiff or that he failed to do so or that she was injured as a proximate result thereof.

In an effort to show that the declaration was so remodeled as to state a cause of action against Wilson, much is said by the appellee of the use, in the amended declaration, of the word *adapt* rather than *adopt*. But the trouble is that no amount of mere *adapting* could have effected that purpose. This is not a case "where the cause of action was merely defectively stated" as was said in Oliver Bus Lines v. Mrs. Eva Ruth Smith, supra. ▉▉ It is a case where no cause of action whatever was stated. While the plaintiff sued and demanded judgment against Wilson, she stated no facts which would entitle her to recover from him the amount demanded, or any part thereof.

It follows that this cause should be, and is, reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Holmes* and *Ethridge, JJ.,* concur.