195 So.2d 497 (1967)
Perry CURTIS et ux.
v.
MISSISSIPPI STATE HIGHWAY COMMISSION and Continental, Incorporated.
No. 44235.
Supreme Court of Mississippi.
February 20, 1967.
*498 Joe N. Pigott, McComb, for appellants.
B.D. Statham, Magnolia, Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum, John A. Crawford, Jackson, for appellee.
BRADY, Justice.
This is an appeal by Perry Curtis and wife, Eva Curtis, from an order of the Circuit Court of Pike County, Mississippi, wherein the court overruled a demurrer and sustained a special plea of accord and satisfaction of the Mississippi State Highway Commission, one of the appellees, sustained a special plea of the appellee, Continental, Incorporated, and dismissed appellants' cause of action under the terms and conditions of the special plea. The Mississippi State Highway Commission on cross appeal contends that the trial court should have sustained its demurrer. Continental cross appeals contending that the trial court erred in failing to sustain its general demurrer to appellants' amended declaration. The record discloses the following essential facts:
On September 2, 1965, Perry Curtis and Eva Curtis, appellants, instituted this action against the Mississippi State Highway Commission and Continental, Incorporated, appellees and cross-appellants, in which they averred that they were the owners of the W 1/2 of the NE 1/4 and the E 1/2 of the NW 1/4 of Section 34, Township 1 North, Range 7 East, Pike County, Mississippi, which lies east of Interstate Highway 55. Appellants charged that during the past two years appellees had caused dirt, sand and silt to wash into and destroy the effectiveness of a natural creek and two clear water ponds on appellants' land, thereby causing the said stream and ponds to become polluted and to overflow and damage appellants' pasture. Appellants' declaration charged that the Highway Commission had negligently designed and Continental had negligently constructed Interstate Highway 55 which borders appellants' property on the west and that the damage to said property was the direct and proximate result of the gross and wanton negligence of the appellees.
Mississippi State Highway Commission filed an answer, a general demurrer and a special plea of accord and satisfaction. A copy of the eminent domain petition and the judgment thereon under which a portion of appellants' property had previously been condemned for the construction of Highway 55 was exhibited with the answer and showed that appellants had been awarded a judgment of $18,000 in damages for the portion of their land used in the highway construction. The demurrer was sustained and leave to amend granted. Appellants' amended declaration reiterated the damage previously alleged. Appellants additionally alleged that the culverts underneath the highway were so constructed and maintained that they cannot use them to cross from one side of the interstate to the other. In their amended declaration appellants alleged that the denial of the use of their land by appellees' conduct amounted to a wrongful taking and that damages for the wrongful taking were not included in the judgment awarded in the eminent domain proceedings. To this amended declaration the Highway Commission filed a demurrer and a special plea of accord and satisfaction, as did Continental. The trial *499 court overruled the demurrer of the Highway Commission but sustained its special plea. Continental's special plea was sustained, and appellants' cause of action was dismissed under the terms of this special plea.
There are two basic questions presented by this appeal:
(1) Were appellants compensated for the damage complained of in the award of the eminent domain proceedings insofar as the Highway Commission is concerned?
(2) Does the amended declaration fail to state a cause of action against Continental?
In determining the second question we must first ascertain under what circumstances a contractor, such as Continental, engaged in the construction of a public improvement, can be held liable for damage to property arising therefrom. The following authorities indicate that a public contractor, when acting for a principal in the construction of a proposed public improvement, cannot be held liable for injuries resulting therefrom in the absence of negligence on the part of the contractor. In 29A C.J.S. Eminent Domain § 195 at 858 (1965), we find the following:
(A) contractor or agent lawfully acting in behalf of the principal in making a proposed public improvement is not personally liable if such improvement is made without negligence.
In Marin Municipal Water District v. Peninsula Paving Company, 34 Cal. App.2d 647, 94 P.2d 404 (1939), the water district sued the contractor, Peninsula Paving Company, on the theory of negligence for injuries received from defects in a public improvement. The proof failed to show negligence but showed that the work was done in accordance with the plans and specifications and under the direction of the state highway engineers. In holding that the plaintiff was restricted to a possible claim against the public agency having the work done to recover damages under a constitutional provision similar to ours regarding compensation for the damaging or taking of private property, the California court held:
"Conceding, for the sake of the argument, that the effect of the constitutional provision is to make the state, or a public agency by it employed in the construction of a work designed to protect the lives and property of a large community, liable for indirect and consequential damages, such as were alleged and proved in this case, and which could not have been estimated or compensated in advance, although some damage might naturally have been apprehended, it does not follow that the contractor, executing the work carefully and properly according to the plan, would be liable. On the contrary, since in the case supposed the state or corporation would be liable, not for a tort, but only upon its obligation to compensate the damages resulting from the rightful exercise of its power, the liability would rest upon it alone, and the contractor, who has merely constructed the work carefully and properly according to the plan, will be exempt from any liability." (34 Cal. App.2d at 655, 94 P.2d at 407.) (Emphasis added.)
In Tidewater Construction Corporation v. Manly, 194 Va. 836, 75 S.E.2d 500 (1953), the Virginia Supreme Court reinforced the theory of non-liability of a contractor in a factual situation similar to that in the present case. The court there held that a contractor lawfully acting on behalf of a principal which is authorized to make public improvements in accordance with plans cannot be held liable without negligence on the contractor's part, regardless of whether property is taken or damaged by the public improvements.
These authorities clearly indicate that the proposition is sound that when a contractor such as Continental, engaged in the construction of a public improvement, is not sufficiently charged with negligent acts or omissions in carrying out the plans and specifications furnished him, there will be *500 no liability, even though the state agency furnishing those plans and specifications is held accountable under the theory of damage to or the taking of private property without just compensation.
In our opinion the allegations of the amended declaration fail to state a cause of action against Continental predicated upon negligence. The amended declaration makes no specific charge of any independent negligent acts or omissions on the part of Continental. There can be no doubt that Continental, as contractor, was entitled to rely upon the plans and specifications of the Highway Commission and would not be liable for any defects contained therein, in the absence of negligence. Nor does the amended declaration allege that Continental should have been placed on notice that the work, if accomplished in accordance with the plans of the Highway Commission, would likely cause damage to appellants' property. Appellants fully predicate their claim for damages upon questions of design and planning since in their brief they assert that the damage to their property resulted from the placing of a "34-foot high fill of dirt across the right-of-way taken without constructing or using any retaining walls or revetments to prevent the dirt eroding and washing down upon the property * * *." There can be no doubt that all questions of design and planning were under the exclusive control of the Highway Commission, not Continental. Thus, under the state of the pleadings the amended declaration did not raise any question of liability on the part of Continental. The minimum requirements for any declaration attempting to establish negligence are clearly stated in Wilson v. Terry, 218 Miss. 411, 416, 67 So.2d 387, 388 (1953), wherein we said:
It seems to be generally recognized that, to maintain an action for negligence, the declaration must charge that the defendant was under a duty to use care; that he failed to do so; and that the plaintiff was injured as the proximate result thereof. In other words, "negligence proceeds from a failure to perform a duty owing by the negligent to the injured." (Emphasis added.)
The amended declaration merely states that Continental constructed the highway "in such a manner as to cause the damage to the plaintiffs as aforesaid." There is a lack of particularity or certainty in the amended declaration which, in our opinion, makes it insufficient as a foundation for the establishment of liability on the part of Continental. The acts or omissions on which a charge of negligence is predicated must be stated with reasonable certainty as is pointed out in 65A C.J.S. Negligence § 187(1) at pages 346-347 (1950):
The act done or omitted which constitutes the negligence complained of must be stated with a reasonable degree of particularity and certainty in order that defendant may be apprised of what he will be called on to defend against, and what is a reasonable degree of certainty depends on the circumstances and nature of the particular case; and such negligent act must be set out in traversable form.
Appellants further failed to state a cause of action against Continental under the theory of negligence since the amended declaration, at best, alleges only legal conclusions. This defectiveness in a pleading is fatal as we pointed out in the following language in King v. Mississippi Power & Light Company, 244 Miss. 486, 493, 142 So.2d 222, 225 (1962):

A mere charge of negligence does not demonstrate actionable negligence. * * Moreover, the pleadings will be construed most strongly against the pleader. * * * It is not sufficient to allege negligence as a mere conclusion of the pleader, but facts must be pleaded showing actionable negligence. (Emphasis added.)
The amended declaration fails to embody any allegation that Continental was either in possession of or had any part of the particular highway fill under its control during *501 the period complained of. Furthermore, appellants fail to allege any duty owed them by Continental. These facts, coupled with the failure of appellants to particularize the acts done or omitted which constituted the negligence complained of, compel us to conclude that the amended declaration was insufficient to state a cause of action against Continental. It is fundamental that without the necessary element of negligence on the part of Continental, the declaration must fail as to it, regardless of whether a cause of action is stated against the Highway Commission for the taking or damaging of appellants' property. We must, therefore, conclude that the trial court was correct in sustaining the special plea of the appellee and cross-appellant, Continental, but erred in failing to sustain its demurrer. We reverse and render judgment here for Continental on cross appeal and affirm the dismissal by the lower court on direct appeal.
We next must determine whether appellants were compensated for the damage complained of by the award in the eminent domain proceedings, insofar as the Highway Commission is concerned. This likewise involves the question of whether the demurrer of the Highway Commission to the amended declaration should have been sustained.
In resolving this question we point out that the Curtis tract, prior to the eminent domain proceedings, consisted of one unit containing approximately 123.35 acres. The actual land taken, less oil, gas and other minerals, consisted of 26.78 acres. Two drainage easements were taken which consisted in the aggregate of.20 acres. No fixed improvements on the land were affected, except the fencing on the property. The record discloses that the engineer of the Highway Commission presented the plans and specifications for the proposed highway to the eminent domain jury and testified therefrom on both direct and cross-examination. The jury was fully advised as to the location of the new highway as it related to appellants' property. In addition, the jury made a personal inspection of the property, and they were able to observe the route of the proposed highway. The jury had the benefit of two expert witnesses who appraised the property, and, notwithstanding their testimony, the jury's award exceeded both estimates of the total damage. The award of $18,000 for approximately 27 acres amounted to approximately $700 per acre for the usual hill farm land, a portion of which had already been partially taken by Colonial Pipeline.
It is logical to assume that the jury in awarding damages considered the separation of the unit, inconvenience occasioned to the owners by the construction, change and alteration in the access routes to a public road, damage to timber and pasture, and damage of every kind and nature which the landowners might sustain because of such taking. The "before and after" formula for determining the amount of damages to which the landowner is entitled has long been accepted in Mississippi. In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 866, 198 So. 565, 569 (1940), this Court said:
When part of a larger tract of land is taken for public use, the owner should be awarded the difference between the fair market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking, without considering general benefits or injuries resulting from the use to which the land taken is to be put, that are shared by the general public.
This rule was reaffirmed by our decision in Green Acres Memorial Park, Inc. v. Mississippi State Highway Commission, 246 Miss. 855, 153 So.2d 286 (1963).
We must conclude that all damage which the unit property might sustain, except speculative and remote damage, was considered by the eminent domain jury in ascertaining the difference in the market value of the unit before the taking and after the taking.
*502 The general rule that all damages are presumed to have been included in the award of an eminent domain jury was approved by this Court in the Hillman case, supra, wherein we stated:
The compensation awarded the landowner in an eminent domain proceeding is conclusively presumed to include all damages resulting to him from the proper use of the land taken, here specifically from the proper construction of the contemplated highway. (189 Miss. at 868, 198 So. at 570.)
It follows that it cannot be argued with merit that the jury did not consider and include construction damage to appellants' property in its award of $18,000. As we said in Mississippi State Highway Commission v. Hall, 252 Miss. 863, 874, 174 So.2d 488, 492 (1965):
The `before and after' rule swallows and absorbs all of the damages of every kind and character * * *.
Turning next to the question of whether the demurrer of the Highway Commission should have been sustained, we point out that the specific allegations of gross and wanton negligence are eliminated from the amended declaration. The amended declaration in no way charged that the plans or specifications prepared by the Highway Commission were in error or contrary to good engineering practices. Appellants did charge, however, that the damage to their property was the direct and proximate result of the wilful acts of the appellees.
There is little doubt that the Highway Commission cannot be sued for acts of negligence on the part of its agents or employees in cases of this type. In Stephens v. Beaver Dam Drainage District, 123 Miss. 884, 899-900, 86 So. 641 (1920), this Court said:
It does not appear from the declaration whether the negligence complained of was that of the drainage commissioners or of the persons by whom the ditch in question was actually dug; but that fact is not material, for the reason that, in the absence of a valid statute imposing liability therefor, a public corporation created in invitum for the purpose of discharging a public function is not liable for the negligence of its officers, agents, or employees. * * *
The fact that the damage is alleged to have been the result of the wilful acts of the Commission is a far more serious charge than simple negligence. See 38 Am.Jur. Negligence § 48 (1941).
This Court in Raney v. Jennings, 248 Miss. 140, 147, 158 So.2d 715, 718 (1963), stated:
Willfulness and wantonness connote knowingly and intentionally doing a thing or wrongful act. This means actual knowledge on the part of the appellee * * *.
The same theory is carried forward in Covington v. Carley, 197 Miss. 535, 541-542, 19 So.2d 817, 818 (1944), in which we said:
Indeed, negligence and wilfulness or wantonness are incompatible terms. * * * Otherwise expressed, wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care.
We conclude that the allegations in the amended declaration do in fact charge acts of negligence and wrong-doing for which the Commission cannot be sued because of the reasons stated in the Beaver Dam case, supra, and the authorities cited therein.
For these reasons we affirm the action of the trial court in sustaining the Highway Commission's special plea but reverse as to the overruling of the Commission's demurrer to the amended declaration.
In conclusion, it should be noted that the trial court erred in admitting the transcript of the proceedings from the previous eminent domain trial. The point of no return *503 was reached when the judgment was satisfied and no appeal was taken therefrom.
Affirmed on direct appeal; affirmed in part and reversed in part on cross appeal and judgment entered here for appellees and cross-appellants.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.