GRAND LODGE COLORED K. P. *v.* YELVINGTON ET AL.

[71 South. 576.]

1. EQUITY. *Discretion of court. Vacation of decree. Pro confesso.*

Where defendant did not file a motion on the first day of the term asking an extension of time in which to plead in accordance with section 601, Code 1906, but did file a motion on the second day of the term asking sixty days in which to plead and the court overruled this motion and entered a decree *pro confesso* and final decree at once, and thereupon defendant filed a motion to set aside the *pro confesso* and final decree, tendering a sworn answer to the bill which answer set out a complete defense, such motion should have been sustained and not to do so amounted to an abuse of discretion.

2. SAME.

Parties litigant should be afforded an opportunity to try their cases on the merits. The substantial rights of litigants should not be denied upon a narrow construction of the statutes governing the time for filing pleadings.

APPEAL from the chancery court of Attala county.
HON. J. F. McCOOL, Chancellor.
Suit by James Yelvington and others against the Grand Lodge Colored Knights of Pythias. From a decree for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*W. J. Latham,* for appellant.

*Crawley & Glass* and *Jas. R. McDowell,* for appellee.

COOK, P. J., delivered the opinion of the court.

This case was begun in the chancery court by appellees to recover upon an endownment policy it is alleged was issued by appellant upon the life of one Judge Yelvington, payable to his estate. Process was issued and served on appellant on the 23d day of January, the return day being February 2d. On the 3d day of February the defendant filed a motion asking for sixty days in which to plead, which motion was overruled, and a decree *pro confesso* and final decree entered at once. Whereupon defendant filed a motion to set aside the *pro confesso* and final decree, tendering a sworn answer to the bill, which answer set out a complete defense. This motion was promptly overruled, and defendant appeals to this court.

We think the chancellor erred. The defendant should have been afforded an opportunity to try its case on the merits. The substantial rights of litigants should not be denied upon a narrow construction of the statutes governing the time for filing of pleadings. But for the fact that defendant did not file his motion for time to plead on the first day of the term, it would seem that section 601, Code 1906, would have entitled him, for the asking, to a reasonable time, during the term, to plead. However that may be, we believe the refusal of the trial court to set aside the decrees and permit defendant to file his answer amounted to an abuse of discretion.

*Reversed and remanded.*