# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1917

---

UNITED STATE FIDELITY & GUARANTY CO. *v.* STATE TO USE OF HINSON.

[76 South. 744, Division B.]

JUDGMENT. *Opening default judgment. Power of court. Code* 1906, *section* 4687.

In a suit by the state against a sheriff and a surety on his official bond to the use of one for whom the sheriff had negligently failed to provide the jail accommodations required by section 4687, Code 1906, where service was had on the surety, but the sheriff was not found and a judgment by default was taken against the surety at the return term, and the surety appeared before the expiration of the return term and sought to have the judgment by default set aside which the court denied and a writ of inquiry was awarded and the case continued, and at the next term the motion to set aside was renewed, which was supported by the appearance of the sheriff ready to defend on the issue of liability and the court again refused to set aside the judgment by default and so the question of liability of the sheriff was never tried by a jury. In such case the lower court's denial of the surety's motion to set aside the default judgment on the ground that it had no power to do so was error, in view of the facts that the sheriff's liability was not tried on its merits.

APPEAL from the circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Suit by the state of Mississippi for the use of Irvin Hinson against W. M. Lee, Sheriff of Simpson county and the United States Fidelity & Guaranty Company, surety on his bond. Judgment by default against the surety, motion to set aside the judgment denied, motion of the sheriff for permission to defend denied, and verdict for plaintiff against the surety, and it appeals.

The facts are fully stated in the opioion of the court.

*Hilton & Hilton,* for appellant.

We will discuss the second assignment of error which deals with the court below refusing to entertain a plea of appellant to the jurisdiction. The court below labored under the impression that after he had granted the judgment by default, it was pig tight, horse high and bull strong so far as the power of discretion of the court was concerned to set aside the judgment by default regardless of when or what kind of showing was made. We will quote the court's language found on page 26 of the record to wit: "As to this question of default, there is no doubt but that the court will have to overrule the motion to set aside the default. It is not a question in which the court can exercise any kind of discretion." This motion was made within two or three hours after the judgment by default was rendered and at the same term of court and on the same day of the default judgment.

This court has said in *Barker* v. *Justice,* 41 Miss. 240, "that the court has full power over judgments by default during the term at which they are rendered and may set them aside in its discretion, except after writ of inquiry, executed and judgment entered thereon, and then they can be set aside only for good cause show therefor under oath."

To like effect is the case of *Jones* v. *Commercial Bank of Columbus,* 5 How. 43, and in the case of *Myer* v. *Whitehead,* 62 Miss. 387, it was held proper to vacate

and annul a default judgment at the succeeding term after it was rendered. For a fuller citation of authorities, we cite the court to section 138, under subject of Judgments, Vol. 2, of Bobbs, Merrill Miss. Digest.

In the case it was shown that Mr. Hall, who represented the appellant, in Memphis, Tennessee, had been unable to attend to business for thirty days and was the only attorney until after the judgment by default was rendered, who was representing appellant. We think this was sufficient cause alone to have caused the judgment to be set aside, especially in view of the fact that Mr. Lofton, the attorney that was employed on that date offered to file pleas then and there at that term of this court and the case was continued by order of the court on the writ of inquiry.

*Mayes, Wells, May & Sanders,* for appellee.

It is first contended that the trial court erred in overruling the motion to vacate the default judgment upon the ground that the trial court stated, "As to this question of default, there is no doubt but that the court will have to overrule the motion to set aside the default. It is not a question in which the court can exercise any kind of discretion."

We respectfully submit that this contention is wholly without merit, for the reason that the facts disclosed by the record conclusively established that the court did not, under the peculiar facts and circumstances in this case, have any right to exercise discretion in favor of the appellant, because of the gross laches of the appellant in failing to give any attention whatever to the case until after default judgment had been rendered on the last day of the term of the court, at which said cause was triable.

It affirmatively appears that Hon. W. M. Lofton had been in communication with the appellant long before

the default judgment was taken and soon after the process was served, and that appellant was duly advised that the cause was pending, having been duly served with process, it was required to give attention to the case on or before the first day of the court, which it wholly, without justification or excuse failed and neglected to do. The only justification or excuse offered in the proof was that its general attorney, Hon. W. M. Hall, had been ill and had not been able to give personal attention to the case; and this honorable court will scan this record in vain to find evidence of some effort to protect this appellant against a default judgment. The case had simply been ignored by appellant; it had failed or declined to employ Mr. Lofton, or any other attorney, to give attention to the case or to request a postponement of the case or to do anything except to leave the appellee to his only recourse of taking a judgment by default on the very last day of the court. So that the authorities which counsel cite in support of their contention that the court did have discretion, have no application to the instant case, for the reason as above stated, that the facts and circumstances which would entitle the court to exercise such discretion did not exist in the instant case and hence the trial court was perfectly accurate in stating that he had no discretion to vacate the default judgment in this case.

Cook, P. J., delivered the opinion of the court.

In this case a suit was instituted by the state for the use of one Irvan Hinson against W. M. Lee, sheriff of Simpson county, and the United State Fidelity & Guaranty Company, surety on the official bond of the said sheriff. The declaration avers that the sheriff, as jailer, had plaintiff in his possession as a prisoner, and negligently failed to provide plaintiff with the accommodations, conveniences, and comforts required by section

4687 of the Code; that he was illegally and negligently placed in the same cell with a negro lunatic, and that the said lunatic assaulted him and painfully and seriously wounded him. Service was had on the surety, but the summons was returned "not found" as to the principal, the sheriff. Neither the sheriff nor the surety pleaded to the declaration at the time required by statute, and a judgment by default was taken against the appellant, as surety, and a writ of inquiry awarded to assess damages, whereupon the appellant entered an appearance, and asked the court to set aside and vacate the default judgment against it. This motion was overruled, the trial judge stating:

"As to this question of default, there is no doubt but that the court will have to overrule the motion to set aside the default. It is not a question in which the court can exercise any kind of discretion."

Thereupon the hearing of the writ of inquiry to assess damages was continued until the next term of the court. At the next term a similar motion was again filed by the surety company asking the court to set aside the judgment by default, because it was sued jointly as surety with said Lee as principal, seeking a recovery for wrongs and injuries amounting to a breach of the official bond of said Lee, and because no valid judgment could be entered against it alone without dismissing as to said Lee. Upon motion of plaintiff this motion was stricken from the files. At the same term the sheriff appeared, and entered his appearance and asked that he be permitted to defend the suit against him. This too was denied. The question of damages was then submitted to the jury on evidence of both sides, and the jury returned a verdict for the plaintiff assessing his damages at two hundred and fifty dollars. From this judgment this appeal was prosecuted.

We have not seen fit to go into the numerous motions and counter motions made and ruled on in the trial of

this case, but will content themselves with the foregoing statement, which we think sufficiently embraces the essential facts necessary to give point to our views of this appeal.

Briefly summarized, the sheriff and the surety on his official bond were jointyl sued; service was had on the surety, but the principal was not found; a judgment by default was taken against the surety at the return term; the surety appeared before the expiration of the return term and sought to have the judgment by default set aside, which the court denied. A writ of inquiry was awarded and the case continued. At the next term the motion to set aside was renewed, which was supported by the appearance of the sheriff ready to defend on the issue of liability, and the court again refused to set aside the judgment by default, and therefore the question of the liability of the sheriff was never tried by a jury. The jury considered the amount of damages alone for an admitted wrong inflicted upon the plaintiff by the negligence of the sheriff.

When the learned trial judge overruled the first motion to vacate the default judgment, he did so because he did not think that he was empowered to do so. In other words, the judge thought, and so stated, that he was entirely without discretion in the premises. Thus, in effect, saying that no matter what reasons could be or were given for a trial on the facts, he, the judge, acting in his judicial capacity, was powerless to set aside the default judgment. In this the judge was entirely mistaken. Whether he would have set aside the judgment if he had possessed the proper view of his power in the premises, we can only conjecture. We think, however, that his statement indicates that he would have acted differently.

Many facts were brought to the attention of the court, which we think should have influenced the judge to have both issues tried on the facts. I appears that the surety had a regularly retained attorney to look after

its interests in this state, and that this attorney was ill when the trial term was held in Simpson county, and it seems to us, viewing the record as a completed whole, that injustice was done to the surety company because it was not permitted to try its case, as a whole, and on its merits. An inspection of the record convinces us that a fair and impartial jury might have returned a different verdict, if it was permitted to try the whole case on its merits. The object of all courts should be to try all cases on their merits, if it is possible to do so without violence to the rules fixed by law for their guidance.

We have not discussed the several questions presented by the record because we deem it unnecessary at this time.

*Reversed and remanded*