## Lee *v.* Spikes.*

(Division A.   May 9, 1927.)

[112 So. 588.   No. 26241.]

1. Judgment. *Evidence held insufficient to establish that no writ of inquiry was awarded and properly executed before rendering default judgment.*

   Evidence *held* insufficient to establish fact that no writ of inquiry was awarded and properly executed before rendering default judgment after defendant's failure to enter appearance or file any plea.

2. Judgment. *Evidence held not to show appellant's counsel was incapacitated by illness. or excuse or justification for failure to file plea.*

   Evidence in support of motion for new trial after default judgment *held* insufficient to show that appellant's counsel was incapacitated by illness to attend court on date set for trial, or to show excuse or justification for failure to seasonably file plea.

3. Judgment. *Default judgment, resulting from inattention, forgetfulness, or neglect of counsel, may be set aside unless delaying trial to injury of other party.*

   A default judgment which has been secured by reason of inattention, forgetfulness, or neglect of counsel for opposite party will, on proper motion, be set aside unless so to do will delay trial of cause to consequent injury of party not in default.

4. Judgment. *Delaying trial six months would result in injury sufficient to justify refusal to interfere with` default judgment resulting from counsel's neglect.*

   Delaying trial for six months or until next regular term of court would result in such injury as to justify denial of motion for new trial after default judgment secured by reason of neglect of counsel for opposite party.

---

*Corpus Juris-Cyc. References: Judgments, 34CJ, p. 309, n. 86; p. 358, n. 99; p. 372, n. 81.

Appeal from circuit court of Bolivar county, Second district.

Hon. W. A. Alcorn, Jr., Judge.

Action by V. B. Spikes against M. A. Lee. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 111 So. 450, and preceding case in this volume.

*Somerville & Somerville,* for appellant.

*Clark, Roberts & Hallam,* for appellee.          ·    .

COOK, J., delivered the opinion of the court.

The appellee, V. B. Spikes, sued the appellant in the circuit court on a certain promissory note. At the return term in November, 1925, counsel representing the appellant secured an order of the court granting her thirty days' additional time within which to file a plea. No plea, however, was ever filed, and at the next regular term of the court, which convened on April 5, 1926, the cause was set for trial on April 15, 1926. On that date a judgment was entered which recites that:

"This cause coming on to be heard this day, came the plaintiff in person and by attorneys, and defendant, Mollie A. Lee, being called in open court, came not, but wholly made default, and it appearing to the court that defendant was personally and legally served with process herein returnable to the November term of this court and that she has not entered her appearance or filed any plea herein, on motion of plaintiff it is ordered that judgment be entered against her by default and that a writ of inquiry issue to ascertain the amount due by the defendant to the plaintiff on the promissory note sued on herein; and, said writ of inquiry having issued, thereupon came a jury of good and lawful men from the regular panel for the week, who, being duly elected, impaneled, sworn, and charged and having heard the evidence adduced and received the instructions of the court, retired to their jury room and presently returned into open court the following verdict," etc.

On April 17, 1926, the last day of the civil division of that term of court, the defendant filed a motion to set aside this judgment and grant her a new trial on the ground that she had employed counsel to represent her in the cause and that she had depended upon her counsel to file pleas and notify her when the cause was set for trial; that on the day the judgment was entered she received some information that the cause was set for that date, and thereupon she investigated and for the first time learned that her counsel was sick in bed and could not attend court to represent her; that as a matter of fact the recitals of the judgment that a jury had been impaneled in said cause were untrue, and that she had a meritorious defense to said cause. This motion was accompanied by the pleas which she desired to file, and which set forth in detail her defense.

This motion for a new trial was taken under advisement for hearing and judgment thereon during the criminal division of the term, and on the hearing of this motion the defendant testified that she had employed B. E. Green as her attorney in this cause; that on the afternoon of April 15, 1926, she learned that some action had been taken in the case, and thereupon she interviewed her attorney and was informed by him that he "had been" sick and could not look after her case. Further along in her examination, in response to the leading question, "You say he was sick in bed?" she replied, "Yes, sir." This was all the testimony tending to show that this attorney was incapacitated by illness to attend the trial on the day the case was set for trial, and there was no effort to show any reason or excuse for the failure to seasonably file her pleas. She also offered the testimony of one of her present counsel in an effort to contradict the recitals of the judgment that a writ of inquiry was awarded and a jury impaneled at the hearing of the cause, but this witness admitted that he was not present in court during the entire day on which the judgment was rendered, and it is insufficient to establish

the fact that no writ of inquiry was awarded and properly executed.

We think the testimony offered in support of this motion was insufficient to show that appellant's counsel was incapacitated by illness to attend court on the date set for the trial, and it utterly fails to show any sort of excuse or justification for the failure to seasonably file the pleas, and this cause must be considered as one where a client has suffered a probable injury on account of the forgetfulness or neglect of an attorney. The decisions of this court have established a very liberal rule in such cases in favor of the client, and an examination of these decisions shows the rule to be that a default judgment which has been secured by reason of the inattention, forgetfulness, or neglect of counsel for the opposite party will, upon proper motion, be set aside unless so to do will delay the trial of the cause to the consequent injury of the party not in default. Many of our decisions upon this question are collated and discussed in the case of *Tonkel* v. *Williams,* 112 So. 368, decided April 18, 1927, and not yet [officially] reported.

To have sustained the motion in the case at bar would have necessarily resulted in delaying the trial for six months, or until the next regular term of the court, and we are unable to say that this delay would not have resulted in injury to the appellee. Consequently, the judgment of the court below will be affirmed.

*Affirmed.*