## Cocke *v.* Wilson.

(Division A.  May 18, 1931.)

[134 So. 686.  No. 29426.]

(1)

2

Martin & Brown, of Natchez, for appellant.

Kennedy & Geisenbeger, of Natchez, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an action at law in which the appellee was the plaintiff and the appellant was the defendant. With the consent of his attorney, a judgment was entered against the appellant for something less than the amount sued for. On the day after the entry of this judgment the appellant filed a motion, praying that the judgment be set aside and the case tried on its merits, setting forth that the judgment was entered without his knowledge or authority to his attorney to agree thereto, and "that he has a meritorious defense to the claims and demands of the plaintiff." The evidence introduced in support of the motion discloses that the judgment was entered without the appellant's knowledge, and without his having authorized his attorney to agree thereto. The only evidence as to the merits of the appellant's defense to the action is that, when asked, "Have you, in your opinion, a meritorious case?" he answered, "Yes, sir."

An attorney, when agreeing to the entry of a judgment against his client, is presumed to be acting with the client's consent, and a judgment entered in accordance with such an agreement is ordinarily conclusive against the client. 6 C. J. 646; Bank of Glade Spring v. McEwen,

Ann. Cas. 1914C, note at page 548; 15 R. C. L. 644. There are cases which hold that this presumption is rebuttable in a proceeding promptly instituted to set aside the judgment, and on a showing that the movant has a meritorious claim or defense, as the case may be. We are not here called on to determine whether or not this presumption is rebuttable; for, if it is, the effort to rebut it here must fail for the reason that there is no sufficient showing of a meritorious defense. Where it is necessary, in order to obtain the setting aside of a judgment, to show a meritorious claim or defense, as the case may be, allegation, or proof, simply that the plaintiff or defendant has a meritorious claim or defense, is insufficient; the facts on which the claim or defense is based must be set forth with sufficient detail to enable the court to determine therefrom whether the claim or defense is meritorious. Planters' Lumber Co. v. Sibley, 130 Miss. 26, 93 So. 440; Fore v. Folsom, 4 How. 282; Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 73 So. 143; Lee v. Spikes, 145 Miss. 897, 112 So. 588; 34 C. J. 335.

Affirmed.