ALEXANDER *v.* HYLAND.

In Banc. April 24, 1950.

No. 37485 (45 So. (2d) 739)

**Watkins & Eager,** for appellant.

**Brunini, Brunini & Everett,** for appellee.

**Smith, J.**

In the January 1949 term of the Chancery Court of Warren County there were pending two suits between these parties, which involved the title to separate tracts of land, wherein appellee was complainant and appellant the defendant. The same attorney represented her in both causes. The first was tried and a final decree entered. The case at bar was continued by agreement, apparently because appellant could not prepare and f.le her answer until a survey of the lands in controversy had been completed. However, during the aforesaid term of court, friction developed between appellant and her then attorney, and he disappeared from the case as such attorney, not being responsible for the later events.

The survey, it seems, was completed in February following, but when the succeeding April term 1949 arrived, appellant had filed no answer. This was, according to her version, in which she was corroborated by her husband, because her former attorney had told her the trial would not be had until the following September term of

court. The attorney denied that he so informed her. Nevertheless, there is no contradiction of her claim of having so understood him, even though he did not so inform her, in fact.

The surveyor was unable to complete his survey at the January term 1949 because he had been injured in a wreck. At the April term, according to the testimony of appellant and her husband he was still incapacitated. This testimony was not contradicted. She further testified that she would be ready for trial in the next term of court in September 1949, stating further that the absent surveyor would be a very valuable witness on the stand. Before the hearing in April of the matter in issue here, appellant had not employed another attorney, because in her judgment it was not yet necessary under the circumstances, and had made no preparation for trial otherwise.

The husband of appellant, during the aforesaid April term, learned accidentally that pro confesso and final decrees had been taken against his wife, the appellant, upon the occasion of his going into the clerk's office to ask about papers in the case, indicating to the clerk that he and his wife were preparing to employ an attorney, start work on the case, and put the survey in order, so as to be ready for trial, manifestly in September, according to their understanding. To his amazement, he then learned for the first ime of the aforesaid action of the court. He at once employed an attorney.

The decree pro confesso and a final decree had been signed by the chancellor on April 6th, the same being a day of the regular term. On April 20th, the attorney for appellee filed a motion asking leave of the court to amend the final decree, in accordance with an amendment to the original bill allowed, according to the motion, between the first decree and the motion. This motion was sustained on the same day, and amendment imme-

diately made to the final decree accordingly. Court had not adjourned the term.

The court was still in session when, as stated supra, appellant learned from her husband what had taken place, and at once employed an attorney. He immediately filed a sworn motion to set aside the decree pro confesso, in which motion the events were recounted, and this averment made:

"And Movant shows that she has not been able to secure counsel up until this day, and that she has a meritorious defense to said suit." The witnesses, including appellant's former attorney, all testified without contradiction that she had a meritorious defense, but neither they nor the motion set out the matters constituting what such meritorious defense was. The purpose of the original bill was to cancel a claim to certain lands, allegedly asserted by appellant, as a cloud upon appellee's title thereto, and, since she had not filed her answer, she also prayed that she be allowed a reasonable time in which to file an answer to the bill of complaint, and be granted a trial on the merits. There was no response filed to this motion, but the court proceeded to hear testimony upon it, substantially as above set out. Upon the conclusion thereof the court entered a decree overruling the motion, and appellant appealed here.

The attitude of this Court has always been favorable to trials on the merits, subject, however, to certain limitations. We have, also, in some early cases been quite strict in requiring a motion of the kind involved here, to be accompanied by the answer of the defendant, or a showing why it could be done, and a prayer for further time. Pattison et al. v. Josselyn, 43 Miss. 373; Pittman v. McClellan et al., 55 Miss. 299. Before those cases were decided we had Porter v. Johnson, 2 Howard 736, wherein the decree pro confesso was set aside on a motion detailing the merits of the defense, the Court saying

"Where it appears clearly that an application tends to the advancement of justice, courts should the more readily incline to favor it, and it appears to be the practice to set aside a default on affidavit of the merits and payment of the costs, when opportunity for trial has not been lost."

This was followed by our opinion in the case of Fore v. Folsom, 4 How. 282, wherein we said: "if the defendant below makes affidavit that he has a meritorious defense to the action, showing what the merits are, that the court may judge of them, and makes his motion in time so as not to delay the trial, the court will, and should set aside a judgment by default, and allow a plea to the merits, . . .".

In Yost v. Alderson, 58 Miss. 40, the defendant filed with his motion to set aside the decree pro confesso, accompained by his proposed answer, a statement of the reasons for failure to answer on time. However, we said in that case: "It is argued that the cause shown was not good and sufficient; that mere inattention and forgetfulness cannot be a valid excuse for a failure to discharge a legal duty. This may be true when such inattention or forgetfulness has occasioned a failure which has been injurious to the adverse party, or the action of that party, based on such failure and caused by it, cannot be reversed without injury to him. But when the neglect is in the mere conduct of a suit, and its consequences do not operate injuriously, its condonation by the judge can do no harm except to deprive the adverse party of an advantage which he has secured in virtue of such neglect, and in that case the party guilty of the neglect should not on that account alone be deprived of the means and opportunity of maintaining or defending his rights. The object of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone. Rules of procedure regulating the conducting of business in courts are instituted solely to

facilitate these ends. They are necessary, and their due observance should be enforced by the courts. But it should not be forgotten that they are aids to secure the administering of justice, not shackles to bind courts to the perpetration of wrong. When their non-observance is in a trivial matter, working no injury to the adverse party and not materially impeding the due progress of the cause, the fault should be corrected, and the authority of the court maintained rather by the imposition of costs and the use of other disciplinary agencies than by depriving parties of the opportunity of a fair trial, to secure which such rules are instituted.

"It is true that diligence is to be encouraged and the want of it discountenanced, but these ends should never be attained by transferring to one suitor the estate of another, if there be other means of securing them. Nor should a lawsuit be allowed to become a mere game of skill and address, to secure to the successful litigant the fruits of his superior management."

These and other cases are cited in the opinion of this Court in Tonkel v. Williams, 146 Miss. 842, 112 So. 368, wherein we held that where no possible harm could come to plaintiff by having trial on merits, court should not summarily deny a hearing simply because defendant is caught unawares because of inadvertence or even willful neglect of attorney where case can be tried and disposed of in ordinary way at that term of court. In that case the affidavit contained a statement of the alleged meritorious defense.

Notwithstanding, this Court reversed the lower court, in another case, for refusing to set aside a decree pro confesso, in which case the mayor's affidavit (quoting from the opinion) merely stated "he believed the city had a good and substantial defense to the action." Compare with the statement in the instant case, that appellant had a "meritorious defense." City of Meridian v. Trussell, 52 Miss. 711.

Field v. Junkin, 99 Miss. 834, 56 So. 172, was another case where a pro confesso was set aside by this Court, and in that case, defendant filed an affidavit stating merely that she had had an understanding with certain attorneys that they would defend the suit, and she had no knowledge that suit was for partition and sale, believing it only involved timber rights. As stated, the Supreme Court reversed the ruling of the trial court, set aside the decree pro confesso, and remanded the cause for trial on the merits.

In the case of Cocke v. Wilson, 161 Miss. 1, 134 So. 686, however, we held that allegation, or proof, simply that defendant has a meritorious defense, is insufficient to obtain setting aside of judgment; that facts constituting meritorious defense, to warrant setting aside judgment, must be set forth with sufficient detail to enable court to determine therefrom whether defense is meritorious, citing cases. To the same general effect, appellee cites additional cases, such as: Griffith's Mississippi Chancery Practice, Section 267; Grand Lodge Colored K. P. v. Yelvington et al., 111 Miss. 352, 71 So. 576.

Another case dealing with this subject is that of Southwestern Surety Insurance Company v. Treadway, 113 Miss. 189, 74 So. 143, 144, wherein the opinion states: "It is shown that the affidavit and motion to vacate the judgment was made by the attorneys, Percy & Percy, on information and belief, and that the affidavit and motion alleging that the insurance company had a meritorious defense to the cause of action did not specifically set out the defense to be relied upon, but stated, in general terms, in effect, that the defense was that the insured did not meet his death by accidental means within the terms of the insurance policy." We reversed the judgment of the trial court for refusing to set aside a default judgment, holding in so doing, that where there is a reasonable doubt as to whether or not a default judgment should be

vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits.

A case where a judgment by default was set aside, and the case not tried at the same term, but continued to a later one, was Planters Lumber Company v. Sibley, 130 Miss. 26, 93 So. 440. It will be remembered some of the earlier cases had it, that trial at the same term must be feasible, if motion were sustained. In the case at bar, appellant asked for a trial at a later term. Certainly, if the decree against her were set aside, she would need time to prepare and file her answer, and prepare for trial. It may be also that a proper showing for a continuance could have been made by appellants for a continuance, if the decree had been set aside, because of the condition of the surveyor, and the misunderstandings as to the time of the trial held by appellant and her husband. In the cited case, there was also a misunderstanding involved. A default judgment was set aside, which we affirmed.

We said in Metzger v. Sessions, 198 Miss. 892, 23 So. (2d) 746, that although the defendant did not make an affidavit of the defense and file plea within time, denial of judgment by default and permitting defendant to file affidavit and plea did not require reversal, where no harm was done to plaintiff by granting defendant a trial on the merits.

Finally, we have declared that "The object of all courts should be to try all cases on their merits, if it is possible to do so without violence to the rules fixed by law for their guidance." United States Fidelity & Guaranty Company v. State to Use of Hinson, 116 Miss. 1, 76 So. 744.

There was no challenge to the motion in the trial court for insufficiency, and no objection to the testimony because thereof. Moreover, there is no showing here of any harm to ensue to appellee if appellant had been granted a trial on the merits, except that he might have lost his case on the merits, which, however, of course, is not the type

of harm contemplated in the Metzger case. Furthermore, since we seem to have required in some cases that the motion to set aside a decree pro confesso detail the meritorious defense, and in others, not to have so required, we have concluded that there is some authority for both procedures in our decisions. However, it must be conceded that the preponderance of our decisions is to the effect that there must be more than an allegation of a meritorious defense,—there must be a showing of what that defense will be, for the consideration of the chancellor. So, as a guide for the future, and in order to harmonize our somewhat conflicting pronouncements on the subject of procedure in this behalf, we now lay down the rule to be that on a motion to set aside a decree pro confesso the affidavit and motion must set out not only that the defendant has a meritorious defense, but also sufficient details thereof so as to enable the judge to determine its meritoriousness vel non.

We pretermit discussion of the other assignment involving the alleged error of the trial judge as to the amendment of the original bill and final decree, since we do not reach it in view of the conclusion we have reached on the motion, supra.

 On the merits of the motion, we are convinced that the chancellor should have set aside the decree, and permitted appellant to answer, and continued the case until the next term of court, in order that the case be tried on its merits. The decree is reversed, the decree set aside and the cause remanded.

Reversed and remanded.