PATTERSON, Justice:
This is an appeal from a default judgment against K. E. Roberts and an order dismissing the declaration with prejudice as to Mr. and Mrs. Ervin A. Anderson by the Circuit Court of Pearl River County. We affirm the judgment against Roberts, but modify the order of dismissal with prejudice as to the Andersons so that Roberts may pursue any cause of action he may have against such defendants.
The Andersons, defendants, purchased from K. E. Roberts, also a defendant, a milking machine manufactured by James Manufacturing Company, the plaintiff.
The Andersons executed a retail installment contract in favor of Roberts, a dealer in farm equipment, and this contract was assigned to James. The agreement covered a new James four-unit pipeline milker and provided for payment of $41.40 per month for sixty months or a total of $2,484. The Andersons paid $82.80 in installment payments on the contract, and when no more payment's were' received, .'James instituted suit against Anderson for the unpaid bal-: anee.
Anderson denied owing James for the reasons that the milker was defective and that his signature and' his wife’s were obtained by false and fraudulent representations of James and Roberts. Anderson then made counterclaim against James, alleging that because of the milking machine being defective he had suffered a loss in his dairying operation due to the development of mastitis in his cows, and the necessity of purchasing additional milk equipment. Anderson suggested that Roberts was a necessary party to the suit and moved that he be made a party thereto. This motion was sustained by the court. James then amended its declaration.
The amended declaration made Mrs. Anderson and Roberts parties to the suit and alleged that as part of the consideration for the assignment of the installment contract by Roberts, the retailer, to James, that Roberts agreed to repurchase such contract in the event of default by the Andersons.
Roberts was properly summoned as a defendant and upon his failure to appear or answer, a default judgment was rendered against him in favor of James in the sum of $2,401.20, plus interest and costs. The suit was dismissed with prejudice as to the Andersons.
In its order of dismissal the court stated that upon considering the amended declaration, the Andersons’ amended answer, and a stipulation of fact between James and the Andersons, it found that the signatures of the Andersons to the contract were fraudulently obtained by Roberts and that the Andersons received no valuable consideration for the contract.
Roberts appeals, assigning as error, among other things, the following:
1. The court’s finding that there was a cause of action alleged in the amended declaration against Roberts.
*810 2. The court’s dismissal of the suit against the Andersons with prejudice.
L
The rule in this state is that a declaration must show a good cause of action before a judgment by default will be sustained. Odom v. Gulf & Ship Island R. R. Co., 101 Miss. 642, 57 So. 626 (1911); Penn. Mutual Life Ins. Co. v. Keeton, 95 Miss. 708, 49 So. 736 (1909).
Appellant contends that the amended declaration does not state a cause of action against him and that the default judgment was without legal basis and void.
"The declaration is not as specific as it might be, but it charges as to Roberts the following:
That-as a further part of the consideration for the purchase of said retail installment contract by the plaintiff, James Manufacturing Company, from the defendant, K. E. Roberts, the .said defendant) K. E. Roberts, in the event of default by the purchasers, the defendants, Ervin A. Anderson and Joan Anderson, agreed to repurchase' the said install- ■' ment contract from' the plaintiff for the ■ balance owing.thereon-including interest - and penalties, if any.'
Mississippi Code Annotated section 1464 (1956) provides :
The declaration shall contain a state-. .ment-of the facts constituting the cause: " of action, in ordinary' arid concise lan- • ■ guage, without repetition; and if it contains sufficient matter of substance..for > ' the court to proceéd' upon the merits of the causé, it shall be sufficient *' * ,
We are of the opinion that, the declaration against Roberts .which contains the specific language above quoted, though not-articulate, states .a cause-.of action, .as it alleges there: was a' r.epur'chasé agree-. ment, it alleges- the obligation , assumed'. thereby, and it further alleges a default on the part of the Andersons. See 41 Am. Jur., Pleadings, section 95 (1942) as follows :
If a complaint is based on contract, all that is necessary to state is the making of the contract, the obligation thereby assumed, and the breach. The contract in such a case contains the primary right of the plaintiff. In the obligation assumed by the defendant is found his duty, and his failure to comply with the duty constitutes the breach. When these statements are supplemented with a statement of the amount claimed and a prayer for judgment, the complaint is complete. * * *
Roberts contends, .however, that the assigned installment contract exhibited to the declaration, which was executed by himself, contained in the later portion thereof, separable from the remainder of the contract, a “Repurchase Agreement” which he did not execute, and for this reason he cannot be legally held to repurchase. . We cannot accede to this. contention, however, as this presupposes that thére could be no other repurchase agreerrient except that depicted by the exhibit to the declaration. We conclude that the .declaration charges an agreement to' repurchase and that thep failure, to execute the. repurchase agreement on the exhibit to the declaration does ' not preclude the .existence of another agree-, ment to repurchase. The appellant contends, 'however, that there is a variance between the déclaration and- the exhibit and that the exhibit controls thé declaratiori. That this' is the general law of this state there can.be no d.oubt. However, that portion of the exhibit which'is contended to be at variance with the declaration is un-, executed and as such signifies, nothing.. We.are of the opinion there is no variance between the declaration and the ■ ex- . h-ibit: .In. sum, we conclude the declara-.' tion states a cause of action against Rob-' erts.
*811 II.
In its order dismissing the suit against the Andersons with prejudice, the circuit court found as fact that the Andersons’ signatures to the installment contract were fraudulently obtained by Roberts and that the contract was without consideration. This finding, according to the circuit judge, was based on the amended declaration, the amended answer of the Andersons, and a stipulation of fact by and between the An-dersons and James.
The record does not include the stipulation agreement, only the judge’s order stating there veas- such.
Parties cannot by stipulation affect any right but their own and persons not parties to the stipulation are not bound by it. The rights of parties to the action who do not join in the stipulation are not bound thereby. 83 C.J.S. Stipulations § 14 (1953). We are of the opinion, therefore, that Roberts, who made no appearance whatsoever in the lower court, was not bound by any stipulation agreed to by the other .defendants and the plaintiff. Any adjudication based upon a stipulation to which Roberts was not a party is ineffective as to him. The default .judgment for the sum due under the installment, payment "contract was only decisive of the question before the court, specifically that Roberts had agreed to repurchase in the event of default by the Andersons; and that there was such default in the amount of $2,401.20. The question properly presented to the, court did not include the failure of consideration as between Robert's, the retailer,' and the Andersons, the purchasers, as Roberts was a defendant and as such was not subject to counterclaim by his co-defendants. Miss.Code Ann. § 1483.-5(1956).
We aré of the opinion, therefore, that the order dismissing the amended declaration with prejudice as to Roberts was error as" Roberts could not be bound by stipulation he did not agree to nor could he be bound by an adjudication which as to him was not properly, before the court.
The order dismissing the cause is affirmed, but modified to the extent that it ‘is adjudicated to be a dismissal without prejudice. In all other aspects the order dismissing the cause is affirmed as is the default judgment against Roberts.
Affirmed as modified.
ETHRIDGE, C. J, and RODGERS, BRADY, and SMITH, JJ., concur.