493 So.2d 933 (1986)
BRYANT, INC.
v.
Victor WALTERS.
No. 56337.
Supreme Court of Mississippi.
August 13, 1986.
*934 Eugene L. Fair, Hattiesburg, for appellant.
John L. Jeffries, Laurel, for appellee.
Before ROY NOBLE LEE and HAWKINS, P.JJ., and SULLIVAN, J.
HAWKINS, Presiding Justice, for the Court:
Bryant, Inc., (Bryant), appeals from a judgment of the circuit court of the First Judicial District of Jones County in favor of the defendant Victor Walters on a suit on open account.
Because the circuit judge erred in setting aside a default judgment entered in favor of Bryant against Walters, we reverse and render, reinstating the default judgment.

FACTS
Bryant, Inc., is a Mississippi corporation engaged in the business of gasoline distributor, with principal offices in Hattiesburg. On May 22, 1984, it filed a complaint based upon open account against Victor Walters in the circuit court of the Second Judicial District of Jones County (Laurel), demanding judgment in the amount of $77,340.28 plus attorney fees of $19,335.00, for a total of $96,675.28. Noted in the complaint and attached as exhibits are an affidavit, a purported account, and a demand letter dated March 28, 1984, written pursuant to Miss. Code Ann. § 11-53-81.
The affidavit asserts that the "statement" attached is a "true and correct statement of the claim and accounts" for $77,340.28, and that this sum is due from Victor Walters. The so-called "account," however, is a listing of the dates, invoice numbers, and respective amounts, totaling $77,340.28. The final exhibit is the copy of the letter from plaintiff's attorney to Walters that pursuant to Miss. Code Ann. § 11-53-81 demand was made that he pay $94,123.12, presently due and if he failed to do so in thirty days they would be entitled to attorney's fees.
Walters was personally served with summons on May 24, 1984. This summons required him to appear in court on the third Monday of August, or August 20, 1984. It also notified him that he was required to plead on or before the first day of the court term, or within thirty days of service of process, whichever was first in time, and failure to do so would permit judgment to be entered by default.
On June 27 Bryant's attorney filed a request for entry of default with the clerk pursuant to Rule 55(a) of the Mississippi Rules of Civil Procedure, with an attached affidavit. The clerk on that day entered a default against Walters. On June 28 the circuit judge entered default judgment against Walters for $77,340.28 plus attorney fees of $19,335.00 totaling $96,675.28.
On August 20 Walters filed with the court a motion to set aside the judgment. He assigned two grounds: that the summons was returnable for August 20, 1984, and he thought no answer was due until then, and second, the pleadings did not conform to Miss. Code Ann. § 11-7-45 in that there was no copy of the account or bill of particulars filed with the complaint. The affidavit attached to this motion stated that Walters had a meritorious defense in that the debt sued on was "contracted to" Victor Walters Distributors, Inc., a "viable corporation" and not to Walters individually.
At the hearing on this motion Walters testified his meritorious defense was that they were trying to pay Mr. Bryant all they owed him.
Also at the hearing Walters testified that it was a corporation which did business *935 with Bryant, and that he had never done business with Mr. Bryant as an individual; and the checks in payment of the motor fuel were from the corporation, not himself. He conceded, however, that all Bryant invoices were to Victor Walters, not the corporation.
Walters also conceded the debt was due, but by his corporation, not himself. At no time did he testify he had told Bryant he was representing the corporation, not himself, in making the purchases.
Walters retained counsel when his wages were garnisheed on the judgment entered against him.
On September 17, 1984, the circuit court entered an order setting aside the judgment. The court held that Walters was not entitled to set aside the judgment because he thought an answer was not due until August 20, because the summons clearly stated an answer was due in thirty days at the most. The reason the court gave for setting the judgment aside was that there was not a proper itemized account attached to the complaint. The order gave Walters until September 24 to file an answer if the plaintiff did not amend its pleadings; otherwise not later than five days after filing of the amended complaint.
An amended complaint was filed on September 20. Attached to the complaint were copies of eight invoices for gasoline and diesel fuel. All show the fuel was sold to Victor Walters. None indicates a corporation.
On September 29 Walters answered with a general denial, followed by an affirmative defense that the debt sued on was "contracted to Victor Walters Distributors, Inc.," and not to "Victor Walters" individually. On October 2 Walters filed a motion for a change of venue to the First Judicial District of Jones County (Ellisville), which was sustained.
Although the answer denied the complaint, at trial it was stipulated the account was correct, and the only question was whether it was owed by the corporation or by Walters individually.
At trial Franklin D. Bryant, sole stockholder of Bryant, testified he had known Walters for several years, and pursuant to an agreement between the two he had begun selling Walters the motor fuel, which extended over a two-year period. Franklin Bryant always thought he was dealing with Walters individually, and only learned a few months prior to the discontinuance of the business relationship that Walters had a corporation. All invoices from Bryant, Inc., were to Victor Walters, none to any corporation. Mr. Bryant testified his corporation never sold anything to the Walters corporation.
Walters testified it was his corporation which bought motor fuel and it was corporate checks which paid for it. The checks on the purchase for which payment was made are headed "Victor Walters Distributors, Inc." Just above the signature, however, there is printed "Victor Walters, Distributor."
The issue submitted to the jury was whether or not the motor fuel was sold to the corporation or Walters individually.
The court gave the following requested defense instruction, over the objection of the plaintiff:
JURY INSTRUCTION D-5
You are hereby instructed that if you find that Victor Walters Distributors, Inc., incurred the obligation sued on then you shall return a verdict for the defendant.
Vol. IV., p. 402.
There was a jury verdict for the defendant and judgment entered thereon. Bryant has appealed.

LAW

DID THE CIRCUIT JUDGE ERR IN VACATING THE DEFAULT JUDGMENT?
The answer to this question must come from an analysis of Rule 55 and Rule 60(b) of the Mississippi Rules of Civil Procedure (MRCP), and decisions of the United States courts construing Rule 55 and Rule 60(b) of *936 the Federal Rules of Civil Procedure (FRCP) containing provisions essentially identical with out state rules.
The pertinent provisions of Rule 55 read:
Rule 55
(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
(b) Judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor... . If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing with or without a jury, in the court's discretion, or order such references as it deems necessary and proper.
(c) Setting Aside Default. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
Rule 55(a) of the FRCP is identical to our state rule. Rule 55(b) of FRCP, authorizes the clerk to also enter a judgment if default of the sum due is certain. Both the Federal and our state Rule 55(c) are identical.
The plaintiff in this case acted within Rule 55 in demanding, and the circuit judge followed it in granting a default judgment. More than thirty days after personal service on Walters, Bryant filed a request for default, supported by proper affidavit. The clerk entered default. The next day the circuit judge entered a default judgment. Walters having failed to file any response, these procedings were in literal compliance with the rule.[1]
Final judgment having been entered against Walters, much more was required of Walters to get it set aside than would have been the case if only a default had been entered.
This entails an examination of the pertinent portions of Rule 60(b):
Rule 60
RELIEF FROM JUDGMENT OR ORDER
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
* * * * * *
(2) accident or mistake;
* * * * * *
(4) judgment is void;
* * * * * *
(6) any other reason justifying relief from the judgment
It should be noted that our Rule 60(b)(2) is different from Federal Rule 60(b)(1)[2], as follows: our state rule authorizes relief upon a showing of "accident or mistake" and the Federal rule grants authority upon a showing of "mistake, inadvertence, surprise, or excusable neglect."
Mississippi Rule 60(b)(4) and (6) and the Federal rule are identical.
The circuit judge made an analysis of whether the default judgment should be set aside under the "accident or mistake" criteria and found Walters was not entitled to have the judgment set aside for this reason. In setting aside a judgment on *937 this basis, a circuit judge is necessarily vested with discretionary power. See: Horace v. St. Louis Southwestern R. Company, 489 F.2d 632 (8th C.A.Ark. 1974); Wilkin v. Sunbeam Corp., 466 F.2d 714 (10th C.A.Kan. 1972); Parker v. Broadcast Music, Inc., 289 F.2d 313 (2nd C.A.N.Y. 1961).
The record reveals the circuit judge conducted a thorough hearing and acted within his discretion in declining to set aside the judgment on this ground. We are not at liberty to disturb his finding on this basis.[3]
Although not cited by the circuit judge in declining to set aside the judgment on this ground, buttressing his decision is the general rule that a judgment will not be set aside in the absence of an allegation of, and showing that the defendant has a meritorious defense. This has been the rule in our pre-rules cases, and is the interpretation given by the Federal courts of the Federal rule. See: Planters' Lumber Company v. Sibley, 130 Miss. 26, 93 So. 440 (1922); Alexander v. Hyland, 208 Miss. 890, 45 So.2d 739 (1950); and Ponder v. O'Neal Electric Company, 214 So.2d 453 (Miss. 1968); Central Operating Company v. Utility Workers of America, AFL-CIO, 491 F.2d 245 (C.A.W. Va. 1974); Design & Development, Inc. v. Vibromatic Mfg., Inc., 58 F.R.D. 71 (D.C.Pa. 1973).
Walters made an affidavit that he had a meritorious defense. At the hearing, however, he failed to show that in his dealings with Bryant he disclosed to him he was acting as agent of, and on behalf of the Walters corporation. If an agent wishes to escape personal liability, he is under a positive duty to clearly disclose, and (in the absence of knowledge) not the duty of the third party to find out on his own, that he, the agent, is not acting for himself, but on behalf of a principal. See: Hatley Mfg. Company v. Smith, 154 Miss. 846, 123 So. 887 (1929); Kelly v. Guess, 157 Miss. 157, 127 So. 274 (1929).
In this connection it is significant that Bryant's attorney wrote the demand letter on March 28, 1984, to Walters individually, to which there was no reply. If Walters considered the debt due, as he later stipulated and testified, but by the corporation and not by himself, his silence on the point in March, 1984, is manifestly strange.

WAS DEFAULT JUDGMENT VOID?
In considering whether a judgment should be set aside because it is a nullity, there is no discretion in the trial court. If a judgment is void it must be vacated. On the other hand, a judgment which is not a nullity cannot be set aside on this ground. A judgment cannot be set aside simply because it is erroneous. See: Gulf Coast Building & Supply Company v. Int'l Brotherhood of Electrical Workers, Local No. 480, 460 F.2d 105 (C.A. 5th 1972); Marshall v. Board of Education, Bergenfield, N.J., 575 F.2d 417, 422 (3rd Cir.N.J. 1978). A party seeking to set aside final judgment because it is "void" under Rule 60(b)(4) has the same burden as at common law when seeking to set aside a final judgment after adjournment of the term of court. We have held that if the judgment was void, it could be set aside, Burns v. Delta Loans, Inc., 354 So.2d 268 (Miss. 1974); Whiteway Finance Company v. Parker, 226 So.2d 903 (Miss. 1969). If merely erroneous, however, it could not. City of Starkville v. Thompson, 260 So.2d 191 (Miss. 1972);
*938 Bates v. Strickland, 139 Miss. 636, 103 So. 432 (1925).
We have said that if a court has jurisdiction of the subject matter and of the parties, and renders judgment during a term of court, it is without jurisdiction to set aside the judgment at a subsequent term. Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945). Federal courts interpreting this rule have stated that a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. See: Wright and Miller, Federal Practice and Procedure: Civil, § 2862, pp. 199-200.[4]
In this case clearly the Jones County Circuit Court had the authority to hear suits on open account and since personal service of process had been had upon Walters, it had the authority to proceed in this case against him.
Analogous to the due process requirement of the Federal courts is our holding that no judgment can be rendered on a pleading which states no cause of action. See: Carrier Lumber & Mfg. Company v. Quitman County, 156 Miss. 396, 124 So. 437, 66 A.L.R. 614 (1929); Suggestion of Error Overruled, 156 Miss. 396, 125 So. 416 (1920); Smith v. Deas, 158 Miss. 111, 130 So. 105 (1930); U.S. Fidelity & Guaranty Company v. Plumbing Wholesale Co., 175 Miss. 675, 166 So. 529 (1936); Roberts v. James Mfg. Company, 197 So.2d 808 (Miss. 1967); Mutual Benefit Health & Accident Ass'n v. Crowder, 201 Miss. 92, 28 So.2d 654 (1947); Stevens v. Barbour, 193 Miss. 109, 8 So.2d 242 (1942).
In this case Bryant's complaint clearly stated a cause of action. Its defect, if any, was the attachment of an incomplete itemized account.
MCRP 10(d) states:
(d) Copy Must be Attached. When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to or filed with the pleading unless sufficient justification for its omission is stated in the pleading.
The comment to this rule states this subparagraph was added to continue the traditional Mississippi practice of annexing to pleadings copies of written documents upon which the claim or defense is founded. Miss. Code Ann. § 11-7-47 and § 13-1-141 (1972) have been construed, however, as rules of evidence, not a pleading. See: Enochs-Flowers, Ltd., et al. v. Bank of Forest, 172 Miss. 36, 157 So. 711 (1934); Britton v. Magnolia State Casket & Supply Company, 210 Miss. 264, 49 So.2d 404 (1950); Western Casualty & S. Company v. Fox-Everett, Inc., 78 So.2d 363 (Miss. 1955); Gulf & S.I.R. Company v. Kelly, 131 Miss. 133, 95 So. 131, (1923); Sanders & Alexander, Inc. v. Jones, 221 Miss. 143, 72 So.2d 240 (1954); Parker v. Thornton, 206 Miss. 662, 40 So.2d 538 (1949).
With the liberal discovery statutes and rules in effect, and documents procurable on a simple motion to produce, there appears to be no compelling reason for rigid adherence to this rule. It makes even less sense to argue that literal compliance with this rule is necessary before any court has authority to enter a judgment against a defaulting defendant. The effect of these statutes and this rule have caused some difficulty. See: Motive Parts Warehouse, Inc. v. D & H Auto Parts Company Inc., 464 So.2d 1162 (Miss. 1985).
We are not required in this case, however, to decide whether the failure to attach an account in literal compliance with cases years gone by was such that it was erroneous for the circuit judge to enter a default judgment thereon. Indeed, he may even have initially declined to enter a default judgment against the defendant because the account was incomplete. Granting a default judgment is discretionary with the court, and not a matter of absolute *939 right. See Hanley v. Volpe, 48 F.R.D. 387 (E.D.Wisc. 1970); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D.Tex. 1967); Flacks v. Koegel, 504 F.2d 702 (2nd Cir. N.Y. 1974); Gomes v. Williams, 420 F.2d 1364 (10th Cir. N.M. 1970); Flaksa v. Little River Marine Const. Company, 389 F.2d 885 (5th Cir. Fla. 1968). Our inquiry is whether this attached account, admittedly incomplete, was so defective as to render the judgment which was rendered an absolute nullity. Even under our pre-rules pleading, a total failure to attach any account did not render a default judgment on a complaint void. See: Britton v. Magnolia State Casket & Supply Company, supra. Clearly, therefore, the complaint with exhibits attached stated a cause of action under our rules, and the court was authorized to enter a default judgment against Walters.
Having duly entered a default judgment against Walters when the court had authority under the law to do so, it was error for the court to set it aside on the basis given, because it was not void.

ANY OTHER REASON JUSTIFYING VACATION
Although neither the motion nor the order vacating the default judgment recited which clause the requested and granted relief was predicated upon, they appear to be directed to the "(2) accident or mistake" and "(4) the judgment is void" provisions. While the circuit judge declined to set the judgment aside under the first cited reason, he did on the latter. It would further appear that the circuit judge was of a view that a judgment did not have to be a nullity to be vacated under (4), but only had to be erroneous.
In order to touch all possible bases, however, we will briefly address clause (6) "any other reason justifying relief from the judgment." Moore's Federal Practice, Vol. 1, § 60.27 gives a general analysis of the federal cases which have considered clause (6). We need probe no deeper than the broad statements made in this treatise: the relief is reserved for exceptional and compelling circumstances. It must be based on some other reason than the first five clauses, and it must be some ground which will justify relief from the final judgment. Moore terms it a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." (P. 60-295) See also, Klaprott v. United States, 335 U.S. 601, 614-615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949); Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Alvestad v. Monsanto, 671 F.2d 908 (5th Cir. 5th 1982); Turner v. Salvatierra, 580 F.2d 199 (5th Cir. 5th 1978); Menier v. United States, 405 F.2d 245 (C.A. 5th 1968). The relief under this clause is of the nature which chancery courts might heretofore have given in exceptional cases from final judgments.
It would serve no purpose, and indeed be beyond our function as an appellate court in this case to further delineate the grounds upon which relief may be granted to clause (6), since it is clear Walters never reached the edge of this "grand reservoir."[5]
REVERSED AND RENDERED, DEFAULT JUDGMENT REINSTATED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] If there had been any appearance by Walters, more would have been required. See Rule 55(b). Walters, however, had made no appearance whatever.
[2] MRCP 60(B)(1) states the following specific ground for relief from judgment:

(1) fraud, misrepresentation, or other misconduct of an adverse party
This specific ground for relief is not contained in Federal Rule 60.
[3] The circuit judge could also, under his discretionary power, have set the judgment aside on this particular ground under the facts of this case. Three days after due date of the answer the plaintiff moved for and secured a default, and on the fourth day got a judgment. The case could not be tried until the August term of court. Motion to vacate the judgment was filed the first day of the term.

Indeed, upon a showing by the defendant that he has a meritorious defense, we would encourage trial judges to set aside default judgments in a case where, as here, no prejudice would result to the plaintiff. The importance of litigants having a trial on the merits should always be a serious consideration by a trial judge in such matters. We are unable to say, however, that the circuit judge abused his discretion in refusing to set aside the judgment in this case on the particular ground of "accident or mistake."
[4] A "due process" violation so gross as to make the judgment void is extremely rare. See Windsor v. McVeigh, 93 U.S. (3 Otto) 274, 23 L.Ed. 914 (1876); Bass v. Hoagland, 172 F.2d 205 (C.A. 5th 1949).
[5] The MRCP are patterned after the FRCP. In federal courts all district court judges can hear and adjudicate equitable as well as legal questions. No problem is presented in a federal court that the ground for relief under clause (6) is equitable in nature. Did our adoption of Rule 60(b)(6) mean that a circuit court may consider what clearly would once have been considered an equitable ground for relief? Moore refers to Rule 60(b)(6) as giving a court a grand reservoir of "equitable power" (P. 60-295, supra).